STATE *v.* JNO. HENRY AND JIM. FRASIER.

1. CRIMINAL LAW. *Evidence. Admissibility of. Confessions.* Though the prisoner has made previous confessions under circumstances of fear or inducements sufficient to exclude the same as evidence, yet if he subsequently (two days later,) confesses similar facts, when he is beyond any influence calculated to urge him to making these statements, then their admission as evidence against him will not be error.

Cases cited: Deathridge *v.* State, 1 Sneed, 75; McGlothen *v.* State, 2 Col., 223; Maples *v.* State, 3 Heis, 408.

2. SAME. *Passing sentence.* It is no ground for reversal that the court below should fail to ask the prisoner whether he had anything further to say, etc., after his motion in arrest and for a new trial had been overruled.

3. SAME. *Time of punishment. When to begin.* Where the punishment is

State v. Frazier.

confinement in the penitentiary for a certain period by statute, it can only commence when the prisoner is placed in the penitentiary.

FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY GENERAL HEISKELL for State.

A. H. DOUGLASS for complainant.

FREEMAN, J., delivered the opinion of the court.

This is an indictment and conviction for larceny in the Criminal Court ta Memphis. The charge is of stealing $865 from the person of John Young, the prosecutor.

Several errors are assigned for reversal in the very ingenious argument of counsel for prisoners, which we proceed to notice.

First, it is insisted that the court erred in admitting the confessions of one of the defendants, Frazier, made to George S. Williams, a constable. The facts, as they appear in the record, are that two witnesses had been previously introduced by the State, detectives in the city of Memphis, who proved that when the parties were arrested by them on this charge, the defendant, Frazier, made a confession, in which he stated that he and Henry had taken the money from the prosecutor. The bill of exceptions states, "but it appearing from to the court that said confession was improperly obtained, the same was excluded by the

court." These confessions thus made were made two days before the examination of the prisoners before Winters, the justice of the peace who committed them. After this testimony was excluded, Williams was introduced, who proved that he was a constable, and was in the court of Winters when the trial of defendants came off, but had nothing to do with it. After the trial was over, the defendant Frazier, whom he calls Allen Frazier, asked witness to go into a back room of said justice's office. Witness told defendant he had nothing to do with the case, and that if he wanted to make any confession, to see Captain Athey, Chief of Police, and not him, and then voluntarily, without any inducements whatever, prisoner said to witness, "that he did not want to stay in jail for nothing, and that he and Henry had stolen the old man's money, (that is the prosecutor's), he, Frazier, only the $17 from the old man's breeches pocket; and that Henry had not divided with him fair; that he knew nothing of the $865.

The court admitted this confession as against Frazier, but it was by the court expressly excluded as to John Henry.

It is now urged that this testimony was improperly admitted under the rule laid down in *Deathridge's case*, 1 Sneed, 75, and a case in 2 Col., 223. In the first case the prisoner had been arrested by Brown, the prosecutor, assisted by one Neal. Brown attempted to strike the prisoner with a rock, because, as was said, he was telling lies by denying his guilt. Neal took the party under his protection, having him in

his custody, charged him with the crime, told him he had saved him from Brown, that he had been telling lies as to his innocence, and his best policy was to retract and tell all about it; that if he did not he could not save him any longer. Thereupon he made a confession. The prisoner was then taken by the same parties to another place, and there made other confessions. The court say further, he was induced to make the confession under the impression that he was to be uesd as a witness against his accomplices, and then in addition to this ground for excluding the testimony, say, "that any confession thereafter made, under the same influences, is liable to the same objections, and it will be presumed that the same influences continued until the contrary be made to appear. The onus in this respect is on the State. The case in 2 Col. is of a similar character.

The rule was properly laid down by the court, and was strictly applicable to the facts of the case. The party remained in the custody of the same parties who had extorted the confession from him. There was no question but that these influences might well have been presumed to continue, and that the subsequent confessions were made under their influence, and that the onus was on the State to show them removed, and that the confessions were not brought out by such improper influences, but were free and voluntary.

In this case the fact does appear that the influences under which the confession was made were not operating at the time. The parties who had procured them are not even shown to have been present. The

State *v.* Frazier.

party to whom they were made said to them he had nothing to do with the case, and swears the statement was made freely and voluntarily, without any inducements whatever. To exclude this confession, under the circumstances, would involve the proposition that when a party had once made a confession under inducements, such as would exclude them as evidence, that he could make no confession afterwards which would be competent against him. We are not disposed to extend the rule of exclusion beyond what the cases already cited require. So far as our observation goes, the cases are very few in which the eloquent picture of the situation of a party arrested on a charge of crime, given by the court in *State* v. *Fields*, finds its verification. Whenever such a case appears, or anything like it, the courts will always promptly exclude the testimony. It suffices to say that the case now before us presents no element on which to ground the exclusion of the testimony objected to.

The case of *Maples* v. *The State*, 3 Heis., 408, is precisely in point on this question, and this case presents no stronger ground for the exclusion of the testimony than that case did, in fact, a longer period had elapsed in this case between the time of the extorted confession and the subsequent confession made to Williams, than in the testimony admitted in the case of Maples. We see no error in the admission of this testimony.

It is next insisted that the testimony does not warrant the verdict. While we concede it does not amount quite to a demonstration beyond possibility of

doubt of the guilt of the prisoners, yet we think there is, and was, no ground on which to base a reasonable doubt of the guilt of the parties, if the testimony of the prosecutor is to be believed. We see nothing to discredit. The jury believed him, his honor, the criminal judge, who saw his bearing before the jury, has given him credit by refusing a new trial, and we see no reason to doubt the correctness of his view of the case.

As to the objection, that the prisoner was not called on to say whether he had anything further to say why judgment should not be passed on him, after his motions in arrest and for a new trial had been overruled, we need but say that this is no ground of reversal in this court. The practice grew in England out of the fact, that until within the present century the prisoner defended himself, not being allowed the aid of counsel. It has been kept up generally as a matter of form, but has nothing in it under our rule, not only allowing counsel, but imposing upon the court the duty of appointing counsel, learned in the law, to defend in all cases where the party is unable to employ such aid.

As to the time when the confinement shall commence, the proper judgment will be entered here, if any error exists in the judgment of the court below, so that the prisoners will not be prejudiced on this score. As a matter of strict law it is clear that the punishment is confinement in the penitentiary for the period prescribed by the statute, and this can only commence when the party is placed in the peniten-

tiary, the language of the Code inflicting punishment being "the party shall be improsoned in the penitentiary for the period prescribed." It is further made the duty of the sheriff, by sec. 5275, to convey the party convicted to the penitentiary as soon as possible.

Without further discussion of the questions presented, we feel no hesitancy in affirming the judgment of the court below in this case.