OVERTON COUNTY RAILROAD COMPANY *v.*

A. F. ELDRIDGE

and

OVERTON COUNTY RAILROAD COMPANY *v.* BRYSON HOOD.

*(Nashville.   December Term, 1906.)*

**EMINENT DOMAIN.** Exceptions to report of jury of view and
   appeal and trial anew before a traverse jury are concurrent
   remedies.

In condemnation proceedings under eminent dōmain laws, a party
   excepting to the report of the jury of view may, upon the over-
   ruling of his exceptions and the confirmation of the report,
   appeal from the finding of the jury to the next term of the
   circuit court for a trial anew before a traverse jury in the usual
   way, on the question of damages; for the remedies by exception
   and appeal are concurrent, and exceptions to the report do not
   exclude the right of such appeal.

Code cited and construed:   Secs. 1858-1861 (S.); secs. 1563-1566
   (M. & V.); secs. 1339-1342 (T. & S. and 1858).

Case cited and approved:   Railroad v. McDonald, 12 Heisk., 54.

FROM OVERTON.

Appeal in error from the Circuit Court of Overton
County.—C. E. SNODGRASS, Judge.

E. C. KNIGHT, for Railroad.

E. D. WHITE, for Eldridge and Hood.

MR. JUSTICE McALISTER delivered the opinion of the Court.

These two causes present the same questions, and were heard together in this court. The record in each case presents a condemnation proceeding commenced by the plaintiff against the defendant railroad company, asking a writ of inquiry for the assessment of plaintiff's damages, occasioned by the appropriation of his land by the railroad company.

The company, in its answer, admitted the appropriation of the land, and its indebtedness to the plaintiff for its actual cash value, and averred its readiness to pay said compensation when the cash value of the property should be determined by the court, but stated that plaintiffs and defendant had been unable to agree on the valuation of said lands.

A writ of inquiry of damages was directed to issue to the sheriff of Overton county, commanding him to summon five jurors to assess the damages. The jury appointed by the sheriff on October 5, 1906, reported as follows:

"We, the jury summoned and sworn to inquire and assess the damages in the above-styled cause, having gone upon the grounds of the right of way, and having examined by personal inspection the right of way appropriated by the defendant company, the location quantity, and quality of lands, describing the right of way appropriated by metes and bounds . . . and after taking into consideration all incidental benefits

Railroad v. Eldridge.

which result to the owner by reason of said improvement, do find on this October 5, 1906, that the petititioner, A. F. Eldridge, has been damaged by the appropriation of said right of way set out in the pleading in this case to the amount of five hundred dollars."

The defendant company excepted to the return of the sheriff and report of the jury, upon the following grounds, viz.:

(1)    The damages fixed by the jury are excessive.

(2)    The jury of inquiry in making its report does not fix the actual cash value of the land without deduction.

(3)    The jury of inquiry in making this report does not fix and set out the incidental damages, if any, less the incidental benefits.

(4)    The jury of inquiry report only that the petitioner has been damaged by the appropriation of said right of way to the amount of $500, when it should have reported separately the actual cash value of the land appropriated and the incidental damages resulting, if any, after deducting the incidental benefits.

(5)    The jury of inquiry does not set apart by metes and bounds the land required and necessary for the defendant company for its right of way, as required by the statute.

(6)    The jury of inquiry undertakes and does fix and give damages to the landowner for certain land which the defendant railroad company claims is neces-

sary for its use for railroad purposes, but does not set apart such land by metes and bounds nor in any other way to the defendant company.

These exceptions were all overruled by the trial judge, and judgment pronounced in favor of the plaintiff and against the defendant for the sum of $500 in one case, and $550 in the other. Said judgments were also declared a first lien against all the property of the defendant company. The land described in the pleadings and in the report of the jury of inquiry was decreed to the defendant company for right of way purposes, subject to the lien aforesaid, and all right, title, and interest of said plaintiff in and to said right of way was divested out of him and vested in the railroad company for right of way purposes.

It further appears from the minutes that when defendant's exceptions to the report of the jury were overruled by the court, and before any decree was entered in the cause, the defendant company prayed an appeal to the next circuit court from said report of the jury of inquiry, tendered and filed its appeal bond, and moved the court for a trial anew before a jury in the usual way, but the court overruled and disallowed said motion and refused such trial. Defendant company excepted to the action of the court, and prosecuted the present appeal in the nature of a writ of error. The principal assignment of error is that the circuit judge should have allowed the case to be tried by a jury in

the usual way upon demand made by the defendant and the execution of a bond.

This assignment of error presents for our determination the proper construction of the following sections of Shannon's Code:

"Sec. 1858. The report of the jury shall be reduced to writing, signed by a majority of the jurors, delivered to the sheriff and by him returned into court.

"Sec. 1859. If no objection is made to the report, it is confirmed by the court and the land decreed to the petitioners upon payment to the defendants, or to the clerk for their use, of the damages assessed, with costs.

"Sec. 1860. Either party may object to the report of the jury and the same may on good cause shown be set aside and a new writ of inquiry awarded.

"Sec. 1861. Either party may also appeal from the finding of the jury and on giving security for the costs have a trial anew before a jury in the usual way."

In support of the action of the trial judge in refusing a trial in the circuit court by a traverse jury, after overruling defendant's exceptions, and confirming the report of the jury of inquiry, it is said the defendant company had chosen and exhausted its remedy by filing exceptions to the report of the jury of inquiry, and allowing those exceptions to be tried by the circuit court without the intervention of a jury. It is said this action on the part of the defendant company was a waiver of the right to trial by a traverse jury in the circuit court. This argument is based upon section 1860, which

Railroad v. Eldridge.

provides that "either party may object to the report of the jury and the same may on good cause shown be set aside and a new writ of inquiry awarded."

It is said the defendant company chose this method of procedure, and excepted to the report of the jury; that the trial judge heard the cases on the exceptions of the defendant, and confirmed the report of the jury and pronounced judgment in favor of the plaintiffs, overruling all of the defendant's exceptions.

Now, it is said that a party dissatisfied with the report of the jury could either file exceptions, as the defendant actually did, or he could appeal from the finding of the jury and have a trial *de novo* before a traverse jury in the circuit court; but it is argued that after a party had chosen one remedy, he cannot get the benefit of another. It is claimed, therefore, that the defendant company had exhausted its remedy by excepting to the report of the jury of inquiry and invoking the action of the court on its exceptions, and after the exceptions had been overruled by the trial judge, it was too late for it to attempt to appeal and demand a traverse jury to try the cause *de novo*.

It is said that the traverse jury could only pass on one question — the amount of damages due for the appropriation of the land, and that this same question was heard by the trial judge on the exceptions of the defendant company; hence it is argued that the proper construction of sections 1860 and 1861 of Shannon's Code is to provide two remedies which might be pursued in-

dependently, but not concurrently; or, in other words, that a party might except or appeal to or from the report of the jury of inquiry, but could not do both.

On the other hand, it is insisted on behalf of the defendant company that the filing of exceptions to the report of the jury of view, and the action of the court thereon, at the instance of either party, does not preclude the right of appeal, but exceptions and appeal are concurrent remedies and may be pursued at the same time. We are of opinion this is the proper construction of sections 1860 and 1861 of Shannon's Code, and that either party is entitled to an appeal, whether exceptions are filed to the report or not.

It will be observed that the first section, after providing for exceptions by either party to the report of the jury, is immediately followed by the other section, which provides that either party may also appeal from the the finding of the jury.

It is obvious that the trial judge, in hearing the exceptions, would be limited to the proof in the record, and could not hear additional evidence on the question of damages; whereas, on a trial before a traverse jury, the case would be heard *de novo,* and additional proof on this subject could be adduced.

It is therefore apparent that the exceptions to the report could only reach matters appearing in the report, and would be an inadequate remedy for increasing or diminishing the compensation for the land appropri-

ated.   Hence it is that, after action by the trial judge
on exceptions going merely to the report, a party may
also appeal to the next term of the circuit court for a
trial *de novo* before a traverse jury on the question of
damages.

In *Miss. Railway Co.* v. *McDonald,* 12 Heisk., 54, the
practice already indicated seems to have been approved
by this court.   In that case, a jury was appointed, who
made a report which was excepted to by the defendants,
and by consent the exceptions were sustained and the
report set aside for several good and sufficient reasons.
A second report was thereupon made and excepted to by
the petitioner, but the exceptions were overruled, the
report confirmed and the final decree rendered, from
which the petitioners appealed.

In the course of the opinion, the court said:   "But
the petitioner prayed an appeal to the jury under sec-
tion 1342 [Code 1858]. Section 1341 provides that either
party may object, to the report of the jury and that the
same may, on good cause shown, be set aside and a new
writ of inquiry awarded.   Section 1342 provides that
either party may also appeal from the finding of the
jury and on giving security for costs have a trial anew
before a jury in the usual way.

"The court [trial] was of opinion that under the
provisions of the charter, the petitioner having had a
second report of the jury, was not then entitled to a trial
before a jury in a court.   As we have said, we think
the general provisions of the law applicable; but if the

Code be subject to the same construction, there has been but one jury, and but one report; the first report was incomplete, and was treated as a nullity; and the same jury directed to report again; and we think that the petitioner was, under section 1342, entitled to a trial in court before a jury upon securing costs. The decree is reversed, and the cause remanded to be tried by a jury in the ordinary mode."

The practice indicated in the above case should have been followed in the trial below, and, for this error, the judgment must be reversed, and the cause remanded.