**79 P.2d 937**

**STATE ex rel. WELTMER v. TAYLOR, Judge.**

**No. 4374.**

Supreme Court of New Mexico.

May 23, 1938.

H. M. Rodrick, of Raton, for relator.

Verdan A. Doggett and John B. Tittmann, both of Raton, and H. A. Kiker,. Manuel A. Sanchez, and Anthony J. Albert, all of Santa Fe, for respondent.

BRICE, Justice. ·

This is an original proceeding brought to restrain and prohibit the Honorable Livingston N. Taylor, Judge of the Eighth Judicial District from proceeding further with a cause pending in the District Court of Colfax County, upon the alleged ground that he was disqualified to try it. The facts are:

On May 26, 1937, the Board of County Commissioners of the County of Colfax filed a petition in the District Court of that county to condemn certain lands of the re-

lator and others, for public road purposes, the proceeding being numbered 9795. The respondent, as district judge, entered an order appointing three commissioners to assess the value of the land sought to be condemned, as provided by section 43-102, N.M.Sts.1929. The commissioners filed their report, assessing damages, to which the relator filed his exceptions. A hearing was had before respondent, the exceptions overruled, and the report confirmed.

An appeal was taken from the order of confirmation to the district court, as provided by section 43-108, N.M.Sts.1929, and notice duly given to the Clerk of the district court.

Before any further proceeding could be had, relator filed an affidavit of prejudice under chapter 184, Laws 1933. The respondent held, upon a hearing, that he was not disqualified to preside in the case, and thereupon this proceeding was instituted.

The affidavit to disqualify Judge Taylor was filed under authority of chapter 184, N.M.Laws 1933, which is:

"Section 1. Whenever a party to any action or proceeding, civil or criminal, shall make and file an Affidavit that the Judge before whom the action or proceeding is to be tried or heard cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such Judge shall proceed no further therein, but another Judge shall be designated for the trial of such cause either by agreement of counsel· representing the respective parties or upon the failure of such counsel to agree, then such facts shall be certified to the Chief Justice of the Supreme Court of the State of New Mexico, and said Chief Justice of the Supreme Court of the State of New Mexico, shall thereupon designate the Judge of some other District to try such cause."

■ We held in State ex rel. Hannah et al. v. Armijo, Judge, 38 N.M. 73, 28 P.2d 511, that when the affidavit provided for in the statute just quoted was *timely made,* that the disqualification of the presiding judge was accomplished. The only question here is whether the affidavit which was filed after the proceedings had continued from the appointment of the commissioners until their report had been filed and confirmed and an appeal taken, was "timely made."

■ This act has been construed a number of times. The affidavit to disqualify a district judge must be filed before a party has called upon the court to act judicially upon any material issue, and before he has participated in any proceeding upon any such issue presented by the adverse party. For instance, if a party participated in a hearing on demurrer, whether his own or that of his adversary, he will be held to have waived the privilege under the statute, upon the theory that he should not be permitted to test the presiding judge's attitude upon material issues and if not to his liking, disqualify him. The right to disqualify the presiding judge is based upon an assumed prejudice or bias on his part, and

not upon his views regarding the law of the case. State ex rel. Gandert et al. v. Armijo, 41 N.M. 38, 63 P.2d 1037; State ex rel. Romero v. Armijo, 41 N.M. 40, 63 P.2d 1039; State ex rel. Cruz v. Armijo, 41 N.M. 44, 63 P.2d 1041; State ex rel. Tittmann v. Hay, Judge, 40 N.M. 370, 60 P.2d 353; State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852.

Condemnation proceedings under the New Mexico statutes are instituted by the filing of a petition in the district court, setting forth certain facts, among which is the description of the real estate to be condemned, the name of the owner, if known, etc., and praying for the appointment of three disinterested freeholders as commissioners to assess the damages which the owner may sustain. Notice of such petition must be served on the owner of the land at least five days prior to the time it is to be presented to the district court for an order appointing commissioners. Thereupon, the district court, on being satisfied that due notice of the pendency of the petition has been given, shall appoint three disinterested commissoners, who shall be freeholders, residents of the county in which the real estate, or a part thereof is situated, to assess the damages which the owner may sustain by reason of the appropriation of his land. When the commissioners have viewed the property they are required to make a return under oath, assessing the amount of the damages, " * * * and the clerk shall file and record the said report; and thereupon such company shall pay to the said clerk the amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid; and upon the failure to pay the assessment aforesaid, the court may, upon motion and notice by the party entitled to such damages enforce the payment of the same by execution." Section 43-103, N.M.Sts.1929.

Section 43-106, N.M.Sts.1929, is: "Upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall forthwith notify the attorneys of record for all of the parties to such proceeding who have entered appearances therein, or if not represented by attorney, all parties in appearance at their respective post office addresses of record. * * * The report of such commissioners may be reviewed by the court in which the proceedings are had on written exceptions filed in the clerk's office, by either or any party within thirty days after the time of the filing of such report in the clerk's office; and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown to be made, either by the commissioners already appointed or by three other qualified commissioners to be appointed for that purpose. * * * "

Section 43-108, N.M.Sts.1929, is: "Within twenty days after the final confirmation of any report of such commissioners, as provided for in section 2103 (43-106), any

person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice with the clerk of said court that an appeal has been so taken, and thereupon the clerk shall docket said cause in the district court and it shall stand for trial in said court as other civil causes are tried and shall be tried de novo, and the parties, unless they shall waive the same, shall be entitled to a trial by jury as in ordinary cases."

The submission of exceptions to the commissioners' report for a ruling thereon by Judge Taylor, waived relator's statutory right to disqualify him in that case, and relator does not claim otherwise; but she contends that the case on appeal is a *new case,* and that her affidavit was filed before any issue was presented to Judge Taylor for decision. The question resolves itself into whether the proceedings initiated by filing a petition for the appointment of commissioners continued through the appellate proceedings in the district court, or terminated with the confirmation of the commissioners' report by the district court. Relator's contention is thus stated in her brief:

"The appellate proceeding is a part of the 'same case' as that we have called the original proceeding for condemnation, in the same sense, perhaps, as a case on appeal from the justice court or a probate court (to the district court)· might be called the 'same case,' *but in no other sense.* It is a distinctly new proceeding which will be determined and tried before the district court 'exercising a broader jurisdiction, fuller powers, with judicial machinery better adapted to the administration of justice, including right to jury trial."

If no exceptions are taken to the commissioners' report within thirty days after the time for filing, it becomes final and in effect a judgment enforcible by execution. Section 43-103, N.M.Sts.1929, supra.

If exceptions are filed thereto the court shall make "such order therein as right and justice may require, and may order a new appraisement upon good cause shown, etc." This provision for exceptions to the commissioners' report, and a hearing thereon, is unusual in view of the right to a trial de novo to the court or a jury. The confusion was probably the result of an attempt by the legislature (Laws 1905, ch. 97) to combine the original act (Laws 1871–72, ch. 14) which did not provide for a jury trial, and a subsequent act (Laws 1878, ch. 7, p. 39) which did so provide.

There is no specific authority in the statute which authorizes the court, in passing on such exceptions, to substitute its judgment on the question of damages for that of the commissioners; and in the absence of specific authority, the court's power is limited to either confirming the report or ordering a second appraisement. That provision of the statute seems to have been adopted from Missouri, and in passing upon the same question, the Supreme Court of Missouri in Mississippi River Bridge Co. v. Ring, 58 Mo. 491, held that

the authority of the court was limited to confirming the report, or ordering a reappraisement. See annotation 61 A.L.R. 194, where the cases are collected.

This necessarily must be correct because provision is made by appeal for a submission of that question to a decision of the court or jury in a trial de novo.

Relator contends that upon the confirmation of the commissioners' report the case was closed. That this must be so because the statute provides that "any person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice," etc., and thereupon the *clerk shall docket said cause in the district court,* and it shall stand for trial as other civil causes are tried.

The argument seems to be that in the first proceeding the court sat as an inferior court or tribunal from which an appeal would lie to the district court sitting with full powers.

The Constitution of New Mexico fixed the jurisdiction (N.M.Constitution, art. 6, § 13) of the district court, as follows:

"The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same."

It may be given limited jurisdiction over special cases and proceedings, but it is always the district court, and no provision is made by the Constitution for an appeal from it sitting as an inferior tribunal to it sitting as the district court. Section 13 of article 6 of the Constitution, therefore, does not have the application contended for by relator.

The statutes in question were enacted by the territorial legislature without regard or thought of a constitutional provision adopted many years later. The Organic Act and other Congressional acts regarding the government of the territory of New Mexico left the jurisdiction of the district courts to the discretion of the legislature, and it was provided:

"The district court in the several counties in which they may be held shall have power and jurisdiction as follows: First, of all criminal cases that shall not otherwise be provided for by law; second, exclusive original jurisdiction in all civil cases which shall not be cognizable before probate judges and justices of the peace; third, appellate jurisdiction from the judgments and orders of the probate judges and justices of the peace in all cases not prohibited by law, and shall possess a superintending control over them." Section 900, Comp. Laws 1897.

"The district courts in the various counties shall have jurisdiction in all civil causes in said counties which according to law belong to the district courts, and of all criminal causes that may originate in said

counties, or that may be presented by indictment, information or by appeal." Section 901, Comp.Laws 1897.

These territorial statutes did not confer appellate jurisdiction upon the district court except in cases appealed from probate and justice of the peace courts, and we are of the opinion that it was not the intention of the territorial legislature to provide for an appeal under the eminent domain statutes, in the sense that it should be a different cause.

The same result would have followed if the statute had provided that upon the application of an interested party, a trial de novo before the court or jury, on the question of damages should be granted, with no provision for redocketing the case as an appeal.

It was said regarding a similar statute, in Larson v. Superior Short Line Ry. Co., 64 Wis. 59, 24 N.W. 487, 488:

"It is not strictly correct to say that this notice of appeal is the commencement of an action in the circuit court by each appellant against the railway company. The statute does not say so, and it is not so in fact. The parties are already in court before any appeal is taken, by reason of the proceedings before had on the petition of the company. On filing the award of the commissioners, each separate award has the effect of a judgment in favor of the owner of the lands against the railway company; and if the company fails to pay the amount so awarded, the owner may have execution thereon against the company for the amount so awarded. See section 1850, Rev. St.1878. The notice to be filed with the clerk is not a process to bring the parties into court, for they are already there. Its sole object is to advise the opposite party that the party giving the notice is not satisfied with the award of compensation and damages made by the commissioners, and desires to have a new award made by a jury and the court. When such notice is given, the statute says, 'The appeal shall be considered an action pending in court,' etc., not an action commenced in such court. The original petition filed by the railway company, asking for the appointment of commissioners to fix the compensation and damages which it shall be compelled to pay in order to take the desired lands, is the commencement of an action against all the owners of the lands desired by the company."

The trial de novo before the court or jury is usually called "an appeal" from the award of the commissioners; and where under statute the original proceedings are merely an inquisition to establish damages and not judicial, the appeal is the commencement of an action in court. United States v. Jones, 109 U.S. 513, 3 S.Ct. 346, 27 L.Ed. 1015. But not so where the whole proceeding is judicial.

The judgment in condemnation proceedings for damages for the land taken is the final judgment in such a proceeding. Where a so-called appeal, from the commissioners' award is taken under our statute that final judgment is rendered in the sep-

arately docketed appeal. This renders **it** conclusive that it is a continuation and part of the same proceeding.

The disqualifying affidavit was not timely filed; from which it follows that the ruling of the district court was correct.

The proceedings will be dismissed at the cost of relator.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.