POUND *et al. v.* FOWLER.

(*Knoxville,* September Term, 1939.)

Opinion filed November 25, 1939.

CHARLES A. NOONE, of Chattanooga, for plaintiffs in error.

BROWN & SPURLOCK, of Chattanooga, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This is a proceeding under Code, section 2746 and subsequent sections to condemn a right-of-way as means of access across intervening land. The petition was filed by Richard Calvin Fowler, petitioner, to open a twelve-foot right-of-way over the property of defendant J. B. Pound and others. The jury of view located the right-of-way and assessed the damages for the land taken at five hundred dollars. The report was filed December 14, 1938. The defendants filed exceptions to the report on the ground that the damages assessed were inadequate. The exceptions were overruled by order of Judge Yarnell made January 18, 1939, entered *nunc pro tunc* March 3, 1939, and the report of the jury of view was confirmed and judgment entered as provided by the statute. The defendants excepted to the action of the Court overruling their exceptions and confirming the report of the jury of view and prayed an appeal to a trial jury, which was granted. Thereafter Judge Ballard, who succeeded Judge Yarnell, sustained a motion to dismiss the appeal granted by Judge Yarnell (1) because the appeal was prayed from the judgment of the Court and not from the report of the jury of view; and (2) because the appeal was not prayed within thirty days after the verdict of the jury of view was filed. This appeal is from the judgment of Judge Ballard in setting aside Judge Yarnell's order granting the appeal of defendants from the verdict of the jury of view.

█ █ Judge Yarnell, who retired February 1, 1939, had authority after retirement, under Chapter 20, Acts of 1939, to dispose of all unfinished business, including motions held under advisement. The act was valid and conferred power upon Judge Yarnell after retirement to complete the business he had on hand. To determine whether or not the appeal was properly prayed and per-

fected within the time prescribed by Code, section 2758, it is proper to consider the statute. Chapter 75, Acts of 1921, carried into Section 2746 and subsequent sections of the Code. It provides that the report of the jury of view shall be made in writing, shall set forth the location of the easement and give the cash value of the property taken, together with incidental damages, and then the statute, Code, sections 2756, 2757 and 2758, provides:

"Any party may file objections to said report. If no objection is filed to the report or upon objections being filed thereto and heard and considered by the court the said report may be confirmed by the court, or same may be set aside and another writ of inquiry awarded by the court.

"Or said report may be modified by the court and the easement or right of way may be granted or decreed to the petitioners as to the court may seem proper and right in the premises upon the payment to the defendants or to the clerk of the court for their use, of the damages assessed, with costs.

"Either party may within thirty days appeal to the court from the finding of the jury of view, and demand a trial by a jury and upon giving security for costs, may have a new trial before a jury of twelve men to be summoned and empaneled by the court in the usual way."

In 2 Lewis, Eminent Domain, 789, it is said:

"The statute authorizing appeals from the report of the jury of view must be construed in favor of the right of trial *de novo* before the court and jury, and when the right of appeal is given by statute, no conditions can be imposed except those prescribed by statute."

This rule finds application here in determining whether the appeal is to be taken within thirty days after the report of the jury of view or within thirty days after

disposing of exceptions to the report of the jury. We are of the opinion that the appeal should follow disposition of the exceptions and that the appealing party has thirty days after the exceptions have been disposed of to appeal from the report of the jury of view, as a means of obtaining a trial *de novo* in the court to which the jury made its report. We think this is necessarily so because the remedies by exceptions and by appeal are cumulative and successive. *Baker* v. *Rose,* 65 Tenn., 543, 56 S. W. (2d), 732; *Overton County Railroad Co.* v. *Eldridge,* 118 Tenn., 79, 98 S. W., 1051. Exceptions to the report of the jury of view as a rule should go to questions of irregularity in the proceedings, misconduct of the jury of view, or when the report is founded upon erroneous principles.

While it was held in *Clarksville & H. Turnpike Company* v. *Atkinson,* 33 Tenn. (1 Sneed), 426, that inadequacy of damages afforded ground for exceptions to the report, it was not there considered that the trial judge had no evidence before him upon the question of damages, and could neither increase nor diminish the damages assessed by the jury. He could only appoint another jury of view to re-assess the damages. The exception to the report of the jury in this case was directed alone to inadequacy of the damages. Inasmuch as plaintiff did not challenge the exception as insufficient, or upon the ground that appeal from the report of the jury of view was the remedy, it was proper for the trial judge to act upon the exception; and there could be no appeal from the verdict of the jury of view until the exceptions were disposed of.

In our opinion, the appeal in this case was from the report of the jury of view after action by the trial judge on exceptions to the report, and was prayed and

perfected within thirty days thereafter. Looking to the record, we find that there was only one judgment entered by Judge Yarnell. In that judgment, he overruled the exceptions to the report of the jury of view, concurred in the verdict, vested and divested title to the strip condemned, and awarded the damages fixed by the jury; and it was from that judgment that the defendant prayed and was granted an appeal. The entry of the judgment thus rendered by Judge Yarnell concludes with the statement:

"The above order was made on January 18, 1939, before the retirement of the Honorable Oscar Yarnell, Circuit Judge, on February 1st, 1939, and is entered now for then by order of the said Judge acting under the authority of Chapter 20, of the Acts of the General Assembly of 1939, the said Act being an amendment to Sections 9910, 9911 and 9912 of the Code of 1932.

"To the action of the Court in overruling their exceptions and in confirming the report or verdict of the jury of view, the defendants, J. B. Pound and Caroline W. Pound, then excepted and now except and pray an appeal to a trial jury of twelve men, which appeal is granted, it appearing to the Court that the said defendants have filed an appeal bond in proper amount with sufficient sureties which bond the Court does hereby approve."

The appeal bond was filed January 16, 1939. Judge Yarnell, who rendered the judgment and granted the appeal from it, understood the facts before him. He fixed the dates given in the order *nunc pro tunc*, and the prayer for appeal was from the judgment as of January 18, 1939, and must date from then instead of from the date of the subsequent entry. As heretofore stated, Judge Yarnell was authorized to enter the judgment

because it involved matter under advisement and was undisposed of when he retired February 1st. Judge Ballard, who succeeded Judge Yarnell, could not on April 3rd set aside Judge Yarnell's judgment or the order which he entered as part of that judgment allowing a trial *de novo*. The appeal prayed January 18th was broad enough to remove the inquiry on the assessment of damages from the jury of view for a hearing before a regular jury impaneled to assess the damages.

Reversed and remanded.

CHAMBLISS, J., did not participate in the decision in this case.