116 P.2d 1021

**STATE ex rel. CITY OF ALBUQUERQUE v. JOHNSON, District Judge.**

**No. 4646.**

Supreme Court of New Mexico.

Sept. 9, 1941.

Joseph L. Dailey, Waldo H. Rogers, and W. Peter McAtee, all of Albuquerque, for petitioner.

George R. Craig, of Albuquerque, for respondent.

ZINN, Justice.

Petitioner here, the City of Albuquerque, seeks to invoke our original jurisdiction for a writ of prohibition to prohibit Bryan G. Johnson, District Judge of the Second Judicial District, from proceeding any further in a proceeding in eminent domain. In the trial court the City of Albuquerque is the petitioner-plaintiff and among other respondent-defendants in said cause are Solomon L. Burton and Mannie K. Burton, husband and wife.

The facts material hereto are as follows: The City, pursuant to L. 1941, Ch. 60, sought the condemnation of 320 acres of land belonging to the Burtons for the construction of airport facilities in connection with the national defense program. Judge Johnson appointed appraisers to assess the damages to the Burtons resulting from the taking of their land. On May 20, 1941, the appraisers filed their report with the Clerk of the District Court. Notice of the filing of said report was given to the Burtons by the Clerk of the Court. On June 23, 1941, more than 30 days after the filing of the report, the Burtons filed exceptions to the report. On June 30, 1941, the City filed a motion to strike the exceptions from the record, contending that, pursuant to 1929 Comp.St., § 43-106, the exceptions were not timely filed. On July 14, 1941, a hearing was had on the motion and Judge Johnson announced that he would overrule the motion to strike the exceptions but would entertain an order to confirm the appraisal. To prevent an order of confirmation the City applied to this court for a writ of prohibition which was issued in the alternative. The City now seeks to make the writ absolute.

The contention of the City is that pursuant to 1929 Comp.St., § 43-106, the report of. the appraisers, if not excepted to within thirty days from the filing thereof, becomes a final judgment, without the. necessity of an order of confirmation, upon which a writ of execution can be issued pursuant to 1929 Comp.St., § 43-103.

The City contends that when Judge Johnson indicated that he would. entertain a motion to confirm the appraisers report he was exceeding his jurisdiction. That is the sole question. Other contentions, however, are made by the City. They relate to a threatened appeal by the Burtons from the report of the appraisers to the District Court pursuant to 1929 Comp.St. § 43-108, and for a trial de novo before a jury. Such contentions are not supported by the facts in the case and therefore will not be considered in this opinion.

The sections of our statutes which govern the question of eminent domain are

1929 Comp.St., Ch. 43, and the sections thereunder.

That part of § 43-106 which is material hereto provides that upon the filing of the report of the ·commissioners appointed by the court to make the appraisal:

"The report of such commissioners may be reviewed by the court in which the proceedings are had on written exceptions filed in the clerk's office, by either or any party within thirty days after the time of the filing of such report in the clerk's office; and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown to be made, either by the commissioners already appointed or by three other qualified commissioners to be appointed for that purpose."

The City argues that unless written exceptions to the report are filed within thirty days, the court is not only powerless to do anything else, but is even estopped from entering its own order confirming the report of the commissioners. In this the City is mistaken.

As we read § 43-106 it provides for a review of the report of the commissioners by the court on written exceptions filed by either party within thirty days. Thereafter the court is to make such order as may be necessary. This order may be for a new appraisal by the appointed commissioners or a new appraisal by new commissioners or a confirmation of the commissioners' report. One of these three

things must be done. We pointed to this in the case of State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, though the direct question now before us was at that time not raised.

The plain words of the statute can be given no other construction. If the parties are not satisfied with the report and desire the court to review the report they could file exceptions. Whether such exceptions must be filed within the thirty-day period fixed by statute in order to secure a review of the report we are not compelled to decide in this case. The court, however, must do one of two things: Order a new appraisal upon exceptions being properly filed or confirm the report.

A confirmation of the commissioner's report by the court is essential before a judgment can be entered and an execution issued. A confirmation of the report of the commissioners by the court before possession of the property can be had by the municipality is indicated in § 43-118 which, as amended, is L. 1941, Ch. 60. Section 43-108 also indicates the necessity of an order of confirmation. Orderly procedure requires confirmation of the report. The judgment upon which an execution in eminent domain is to be issued is that of the District Court and not an execution upon a report of the commissioners.

Our law gives the court extensive supervisory power over the report of the commissioners. The court may not only review the proceedings of the commissioners upon exceptions being properly filed,

but it is permitted to go further, and make such orders as right and justice may require. Whether the court on its own motion, and without exceptions being filed by the parties, can set aside the report of the commissioners and order a new report, is not before us. The court was proceeding in the instant case to confirm the report of its commissioners. Judge Johnson was clearly acting within his jurisdiction when he proposed to enter an order confirming the report of the commissioners.

For the reasons given the writ of prohibition will be denied.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.