OFFICER *v.* EAST TENNESSEE NATURAL GAS CO.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

On Rehearing May 7, 1951.

E. A. LANGFORD, of Cookeville, for plaintiff in error.

TOM STEWART, of Nashville, J. A. OAKLEY and C. J. CULLOM, both of Livingston, and JARED MADDUX, of Cookeville, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a condemnation case in which the landowner, C. F. Officer, failed to perfect his appeal from an award by the jury of view. The plaintiff appealed and the case was placed upon the jury docket for trial following the filing of the jury's report. The case thus stood on the docket from September 26, 1949, until July 24, 1950. When it was called for trial the Gas Company "moved the court to be permitted to dismiss its appeal and to have the report of the jury of view confirmed." Thereupon the defendant, Officer, objected to the dismissal of the appeal of the Gas Company and requested a trial before the jury, and moved the court for permission to file an appeal and an exception to the report of the jury of view. The motion of the defendant was overruled and that of the Gas Company sustained, resulting in an affirmance of the report of the jury of view awarding the defendant the sum of $300.

The defendant perfected his appeal to this Court and assigned the following errors: (1) It was error for the court to hold that an appeal and exceptions to the report of the jury of view came too late, "because there had been no order or decree entered relative to the case since the filing of the report of the jury of view," and the statute did not prohibit the defendant from appealing. (2) It was error for the court to refuse the defendant a trial before a jury and "to disallow his motion for permission to perfect his appeal from the jury of

view." (3) "It was error for the court to sustain petitioner's motion to dismiss his appeal and affirm the verdict of the jury of view over defendant's objection."

At a former day of the Court we released an opinion holding that since the statute fixed no time in which the parties could perfect an appeal from a jury of view the defendant, landowner, could appeal at any time so long as the condemnor *was not prejudiced by the delay*. The assignments of error were sustained and the case remanded for trial.

It was noted in the opinion that the condemnor, after the report of the jury of view had been filed, continued the case on two occasions, to wit, on November 28, 1949, and March 29, 1950. It was on August 22, 1950, that the court entered the final order complained of on this appeal.

The Natural Gas Company, appellee, has filed a petition to rehear, and other counsel have filed a brief as *amicus curiae* in support of the petition. It is strongly urged upon us that the Court erred in finding as a fact that the Gas Company had obtained two continuances of the case, and had benefited thereby; that in these circumstances it could not complain about the defendant's delay in asking to be allowed to appeal from the report of the jury of view. The first criticism of the opinion is correct. It is true, as clearly shown by the record, that only one continuance was had at the instance of the Gas Company. The second continuance was by consent. Contention is further made by petitioner that it was error for the Court to hold that it suffered no prejudice by defendant's delay in praying an appeal from the jury of view, and that the judgment of the circuit court should be affirmed.

Upon careful review of the errors complained of in the petition to rehear, a majority of the Court is of opinion that the trial judge was in error in refusing the defendant a jury trial upon the sole issue of damages and that the petition to rehear should be denied.

The Sections of the Code relating to exceptions to the report of a jury of view and right of appeal are the following:

Section 3125. *"Exception to report and new writ.*—Either party may object to the report of the jury, and the same may, on good cause shown, be set aside, and a new writ of inquiry awarded."

Section 3126. *"Appeal; new trial.*—Either party may also appeal from the finding of the jury, and, on giving security for the costs, *have a trial anew, before a jury in the usual way."* (Italics ours.)

██ We think it is clear from our cases that an appeal cannot be perfected until the jury of view has filed its report with the Clerk and a court is in session to pass upon "exceptions" and grant an appeal. In *Baker v. Rose,* 165 Tenn. 543, 56 S. W. (2d) 732, 733, it was said: "We think there is nothing in the statutes regulating the procedure in condemnation suits which would require either party, dissatisfied with the report of the jury of view filed out of term time, to take any action with respect thereto, either by filing exceptions or by praying an appeal, until such action can be had in open court."

██ Exceptions to the report of the jury of view as a general rule go to some irregularity in the proceedings, such as the right of the condemnor to a writ of inquiry, misconduct of the jury, or when the award is erroneous on its face or founded upon erroneous principles. *Pound v. Fowler,* 175 Tenn. 220, 133 S. W. (2d) 486. All such exceptions should be made at the first term of court fol-

lowing the filing of the report and are questions solely for the court's consideration and determination. This is the better practice in order to provide a prompt disposition of all purely legal questions and clear the way for a trial de novo by a jury upon the sole remaining issue as to just compensation. *Overton County R. Co.* v. *Eldridge,* 118 Tenn. 79, 98 S. W. 1051.

The statute does not prescribe the time within which exceptions may be filed and an appeal taken. That the Code Sections herein referred to contemplate a trial de novo by a jury in the circuit court is not a debatable question. Moreover, pretermitting the questions as to whether or not a jury was demanded, it is certain that the case was on the jury docket as ''Jury No. 295'' and was considered by all parties as being properly docketed.

In *State ex rel.* v. *Oliver,* 167 Tenn. 154, 67 S. W. (2d) 146, 148, it was held that where no time is prescribed by statute for taking an appeal from the report of the jury of view *it must be within a reasonable time.* In concluding the opinion upon this question it was said: ''In 2 Lewis Eminent Domain, 789, it is said the statute authorizing appeals from the report of the jury of view must be construed in favor of the right of trial *de novo* before the court and jury, and, when the right of appeal is given by statute, no conditions can be imposed, except those prescribed by statute. Our statute prescribes no condition, and the courts can impose none to defeat the right of a trial *de novo* on the question of damages after a timely appeal unattended by fact or circumstance indicating defendants' intention to waive the right.''

We cannot agree with able counsel for the petitioner that the above quotation should be limited in its application to a dismissal of an appeal conditioned upon the payment of costs. The proceeding is governed by the

statute and we cannot engraft upon it a condition such as the appeal ''should be taken to the next term of court, after the right of appeal accrued''. Lewis on Eminent Domain, Section 789.

Moreover our statute should be given a liberal construction in favor of the landowner's right of appeal because his property is being taken from him without his consent. While the condition is sound in principle, and is generally followed in condemnation cases, yet the condemnor should be estopped from making the question where, as in the case at bar, it impliedly recognized the right of the defendant to a trial de novo in the circuit court by consenting to the case being placed upon the jury docket. By moving for a continuance when the case was first called for trial, and by agreeing to a continuance at a succeeding term of court, the Gas Company thereby acknowledged that the defendant was not waiving his right to a jury trial and to have judgment in excess of that which was reported by the jury of view. While the defendant admittedly had not perfected an appeal from the jury of view nevertheless his conduct, during the ten months following the filing of the jury's report, was attended with no fact or circumstance indicating his intention to waive his right to a trial in the circuit court. Moreover the Gas Company was not prejudiced by the defendant's failure to formally ask for an appeal. It is true that as a result of the delay the Gas Company will be liable for some additional interest on the award. But it cannot complain on this score since the delay was caused (1) by its own motion to continue the case, and (2) by its agreement to continue at a subsequent term of court.

We cannot lay down any hard and fast rule to govern the time when either party in a condemnation

proceeding must appeal from the report of the jury of view, the statute not having done so. We think good practice would require an appeal to be perfected at the term of court next following the report of the jury. Delays are by no means favored. But where a property owner feels himself aggrieved by the finding of a jury of view in that he has been denied just compensation for the property taken, he should not be cut off from the right of appeal on the ground of delay in filing it where there is no waiver, or other evidence that the delay had prejudiced the rights of his adversary.

The learned trial judge doubtless based his action upon the ground that there was a waiver of the right of appeal. The evidence was not preserved by bill of exceptions and there is nothing in the technical record to show a waiver, or that the Gas Company was prejudiced in any way by the delay.

We are in disagreement with petitioner's counsel that the case of *Federal Firefighters* v. *Roane-Anderson Co.*, 185 Tenn. 320, 206 S. W. (2d) 369, should be considered as authority in support of petitioner's right to a dismissal of its appeal from the jury of view to the circuit court. That case involved the constitutionality of the "Anti-Closed Shop Act", Chapt. 36, Acts of 1947, the Firefighters, a Labor Union, contending that it was invalid. The Union appealed from an adverse holding by the Chancellor and later moved this Court to dismiss its appeal, which was allowed. With all deference to the view of counsel we think the cases are not analogous. The question *as to the time for appealing* was not an issue in the case, as it is here. The determinative question in the case appears in the following statement by MR. JUSTICE TOMLINSON: "The mere fact that the validity or construction of a statute or ordinance is involved on

an appeal is not generally sufficient in itself to justify or require that dismissal be refused on motion by appellant.''

The assignments of error are sustained and the case remanded with appellant given the right to pray and perfect his appeal from the jury of view and a trial de novo. The former opinion of the Court is withdrawn from the record and the foregoing substituted in its place and stead. The petition to rehear is denied.

All concur.