347 P.2d 1002

**EL PASO ELECTRIC CO., a Corporation, Petitioner-Appellee,**

**v.**

**Robert MILKMAN, Defendant-Appellant.**

No. 6573.

Supreme Court of New Mexico.

Dec. 15, 1959.

J. B. Newell, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellee.

MOISE, Justice.

Involved in this case is the single question of whether or not under the provisions of § 22–9–8, N.M.S.A.1953, a defendant in a condemnation action is entitled to appeal to the district court from the order and confirmation provided for in § 22–9–6, N.M.S.A.1953, and obtain a trial de novo therein as other civil causes are tried, without first having filed exceptions to the report of commissioners filed pursuant to said § 22–9–6.

The pertinent parts of the two sections in question read as follows:

.22–9–6. "Upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall forthwith notify * * * of the filing of such report, * * *. The report of such commissioners may be reviewed by the court in which the proceedings are had on written exceptions filed in the clerk's office, by either or any party within thirty (30) days after the time of the filing of such report in the clerk's office; and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown to be made, either by the commissioners already appointed or by three (3) other qualified commissioners to be appointed for that purpose. * * *."

§ 22–9–8. "Within twenty (20) days after the final confirmation of any report of such commissioners, as provided for in section 2103 (22–9–6), any person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice with the clerk of said court that an appeal has been so taken, and thereupon the clerk shall docket said cause in the district court and it shall stand for trial in said court as other civil causes are tried and shall be tried de novo, and the parties, unless they shall waive the same, shall be entitled to a trial by jury as in ordinary cases. * * *."

Plaintiff commenced its action by filing a Petition and defendant appeared by attorney at the hearing for appointment of commissioners. Commissioners were appointed and they reported in due time. When the report was filed the clerk immediately mailed copies as required by the statute. More than thirty days having elapsed the commissioners' report was confirmed. Thereupon, defendant filed notice of appeal, which after hearing was dismissed and this appeal followed.

This Court has considered these statutory provisions in the cases of State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, and State ex rel. City of Albuquerque v. Johnson, 45 N.M. 480, 116 P.2d 1021. Although in the first of these cases there

is dictum to the effect that [42 N.M. 405, 79 P.2d 940] "if no exceptions are taken to the commissioners' report within thirty days after the time for filing, it becomes final and in effect a judgment enforceable by execution," the case was one where exceptions had in fact been filed. In the later case wherein exceptions were filed after the passage of thirty days, the court refused to prohibit the trial judge from entering an order confirming the report stating that [45 N.M. 480, 116 P.2d 1023] "a confirmation of the commissioner's report by the court is essential before a judgment can be entered and an execution issued" and that "orderly procedure requires confirmation of the report." In neither of these cases was the question here raised discussed.

We are given some small amount of help in a search for the answer to our problem in the case of State ex rel. Weltmer v. Taylor, supra, in the conclusion and holding that an "appeal" provided for in the statute (§ 22–9–8, N.M.S.A.1953) is a "continuation and part of the same proceeding" and the judgment for damages "is the final judgment" in a judicial proceeding. In the opinion in this case Justice Brice explains how certain inconsistencies crept into Ch. 97, N.M.S.L.1905.

Our attention has been directed to the case of State ex rel. Root Levee Dist. of Carroll County v. Root, Kansas City Court of Appeals, Missouri 1949, 219 S.W.2d 298. That was a case in which exceptions were filed more than ten days after service of notice of the filing of the commissioners' report contrary to the requirement of the statute. The court dismissed the exceptions and confirmed the report and on appeal it was held that failure to timely file the exceptions amounted to a waiver and accordingly the condemnation became complete and the proceedings were at an end. To this effect the court cites the earlier cases of Leavenworth Terminal Ry. & Bridge Co. v. Atchison, 137 Mo. 218, 37 S.W. 913, and Rothan v. St. Louis, O. H. & C. Railroad Co., 113 Mo. 132, 20 S.W. 892. It should be noted that although the similarity in these cases to the issue here present is apparent, the facts are different.

We have also considered the Texas cases of Miers v. Housing Authority of City of Dallas, Tex.Civ.App.1954, 268 S.W.2d 796, and Pearson v. State, Tex.1958, 315 S.W. 2d 935, cited by appellee, but do not believe they are of assistance because of material differences in procedure and jurisdiction as evidenced by the decisions. Likewise, other cases cited by appellee we do not consider in point.

We believe a better rule is the one adopted in the state of Tennessee in the old case of Overton County R. Co. v. Eldridge, 118 Tenn. 79, 98 S.W. 1051, and the more recent case of Pound v. Fowler, 175 Tenn. 220, 133 S.W.2d 486.

Although the statutes being interpreted in these two cases differ from ours in many respects, they provide for an assessment of damages by commissioners (there called a "jury of inquiry"), the right to file exceptions, a right of either party to appeal and obtain a "trial anew before a jury in the usual way." In the first case above it was argued that having excepted to the jury report, the right to appeal is not lost, the court holding that the "remedies by exception and appeal are concurrent."

In the second case there had likewise been exceptions filed, and the question was one of timely appeal. The court pointed out that the statute should be construed liberally in favor of the right to trial de novo by jury. The cases of State ex rel. v. Oliver, 167 Tenn. 154, 67 S.W.2d 146, and Officer v. East Tennessee Natural Gas Co., 192 Tenn. 184, 239 S.W.2d 999, also support the result here announced.

 Although we do not consider the decision in City of Seward v. Gruntorad, 158 Neb. 143, 62 N.W.2d 537, cited by appellee, to be pertinent here because the statutes there being construed were materially different from ours, the following language quoted therein from the case of In re Application of Silberman, 153 Neb. 338, 44 N.W.2d 595, 599, is pertinent:

"In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately.

"Provided always that the interpretation of a statute is reasonable and not in conflict with legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof and it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not."

 We are of the opinion that there is no reason for straining to arrive at a construction which would deny the appellant the right to jury trial de novo, whereas there are compelling reasons to the contrary.

The statute (§ 22–9–8) gives the right to appeal to any person "interested" at any time "within twenty (20) days after the final confirmation of any report." The statute does not say this right is limited to

situations where exceptions had been filed, but grants it in all instances when the order of confirmation has been entered.

Where is the harm in so construing the statute? The appellee is not delayed and may proceed with its improvements (§ 22–9–6). On the other hand, the property owner appellant, by the plain language of the statute, is entitled to a jury trial limited to the issue of the amount of compensation if he appeals within twenty days after confirmation of the commissioners' report. § 22–9–6; also see State ex rel. Deering v. District Court, 54 N.M. 292, 222 P.2d 609. There being no compelling reasons to the contrary, that we should interpret the plain language of the legislature so as to preserve this right would seem to go without saying. Sound legal reasoning supports this conclusion. See George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285; Scott v. United States, 54 N.M. 34, 213 P.2d 216; Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017.

We therefore hold that the court erred in denying the appellant an appeal, and accordingly reverse the judgment of the trial court, with instructions to reinstate the case on the docket and grant to appellant a jury trial de novo on the issue of damages, and

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.