F I L E D
United States Court of Appeals
Tenth Circuit

DEC 9 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS N. CARABAJAL,

    Petitioner - Appellant,

v.

TIM LEMASTER, Warden,
Penitentiary of New Mexico,

    Defendant - Appellee.

No. 02-2115
D.C. No. CIV-00-207 BB/WWD
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Dennis Carabajal, an inmate appearing through counsel, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. Because Mr. Carabajal has failed to make "a substantial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Carabajal pled guilty in New Mexico state court to second degree murder, armed robbery with old age enhancement and tampering with evidence. He was sentenced to prison for a total of 58 years, of which eight were conditionally suspended pending completion of five years supervised probation. Mr. Carabajal did not file a direct appeal. His motion for reconsideration of the sentence was denied, and his state habeas petition was denied after an evidentiary hearing.

Mr. Carabajal then filed a petition for a writ of habeas corpus in federal district court. The federal habeas petition, substantially mirroring the state habeas petition, alleged ineffective assistance of counsel due to his attorney's failure to: (1) peremptorily challenge the state judge; (2) conduct an adequate investigation; (3) proceed with a change of venue motion; (4) properly advise him regarding the plea agreement and failure to move to withdraw the plea; and (5) adequately represent his interests at sentencing and at the hearing to reconsider the sentence. The magistrate judge considered all grounds for the ineffective assistance claim and recommended that the district court deny Mr. Carabajal's petition. After consideration of Mr. Carabajal's objections, the district court adopted the magistrate judge's proposed findings and recommended disposition,

denied Mr. Carabajal's petition on the merits and declined to grant him a COA. Mr. Carabajal reasserts the same claims before this court in seeking a COA.

For this court to grant a COA, Mr. Carabajal must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected the habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the claims before the district court were presented to the New Mexico state court on habeas review and were denied on the merits, the district court could not properly grant the writ unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). It is against these standards that the district court's denial of the COA and the petition must be assessed.

A guilty plea may be challenged and rendered involuntary by a showing of constitutionally ineffective assistance of counsel. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). To prevail on an ineffective assistance claim, the petitioner must show both that counsel's performance fell below an objective

standard of reasonableness and that petitioner was prejudiced thereby.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  A showing of unreasonable performance requires the petitioner to overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  <u>Id.</u> at 689.  If petitioner pled guilty, a showing of prejudice requires petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

In this case, regarding counsel's failure to peremptorily challenge the state judge, we conclude as did the magistrate judge and the district court that, even assuming this claim is properly before us and assuming that counsel's performance was unreasonable, Mr. Carabajal has failed to make the required showing of prejudice.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694 ("The *defendant* must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (emphasis added)).  Although in New Mexico the "right to disqualify the presiding judge is based upon an assumed prejudice or bias on his part," <u>State ex rel. Weltmer v. Taylor</u>, 79 P.2d 937, 939 (N.M. 1938), such "assumed prejudice" giving rise to the right to disqualify does not satisfy the petitioner's <u>Strickland</u> burden to adduce some evidence to show a reasonable probability that the result of the proceeding

would have been different had his counsel moved to challenge Judge Brown under N.M. Stat. Ann. § 38-3-9 (2002). Mr. Carabajal's mere speculative belief that a different judge *might* have ruled more favorably, with nothing more, does not satisfy the required showing.

After carefully reviewing the record and the conclusions drawn by the magistrate judge and the district court, we similarly conclude that Mr. Carabajal has failed to show prejudice on the failure to investigate claim. To prevent the distorting effects of hindsight, we evaluate counsel's conduct from counsel's perspective at the time, in light of then-existing facts and circumstances. Strickland, 466 U.S. at 689. Having done so, we are not convinced that Mr. Carabajal's counsel, had he investigated precisely as Mr. Carabajal now asserts he should have, would have uncovered anything to lead him to alter his recommendations regarding the plea such that Mr. Carabajal would not have pled guilty. See Hill, 474 U.S. at 59. Given the State's very strong case, including Mr. Carabajal's confession and key witness testimony, I ROA Doc. 24 at 8-9, and given his counsel's success at negotiating a favorable plea agreement that significantly limited his prison sentence exposure, id., Mr. Carabajal has not shown a reasonable probability that he would have insisted on going to trial had his counsel investigated differently. For similar reasons, we conclude that Mr. Carabajal has also not overcome the strong presumption that his counsel's conduct

was reasonable in light of all the existing facts and circumstances.

On the issue of counsel's alleged failure to advise him regarding the plea and counsel's alleged failure to withdraw the plea, we are persuaded by the reasoning of the magistrate judge and the district court that Mr. Carabajal has not shown prejudice. We note the considerable evidence supporting the conclusion that Mr. Carabajal was well-informed about the plea and its consequences, including his own testimony at the change of plea hearing. We conclude that Mr. Carabajal has not met his burden with respect to this claim to show the existence of a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.

Finally, on the claim regarding counsel's failure to proceed with the change of venue motion, we conclude that Mr. Carabajal has failed to show either unreasonable performance or prejudice for substantially the same reasons as did the magistrate judge and the district court. Similarly, for the claim concerning counsel's failure to adequately represent his interests at sentencing and at the hearing to reconsider the sentence, we also agree with the reasoning of the magistrate judge and the district court that Mr. Carabajal has failed to demonstrate any prejudice. For each of these claims, Mr. Carabajal ultimately failed to establish a reasonably probability that, but for the counsel's alleged transgressions, he would not have pled guilty and would have insisted on going to

trial.

Because Mr. Carabajal has not established to this court that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong, we conclude that none of Mr. Carabajal's claims suffice to make a substantial showing of a denial of a constitutional right. We therefore DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge