[No. 7,302.—Department Two.]

C. M. WEBER *v.* THE BOARD OF SUPERVISORS OF
THE COUNTY OF SANTA CLARA.

EMINENT DOMAIN—CONDEMNATION OF LAND FOR ROAD—CONSTITUTIONAL
LAW.—The land of the plaintiff was condemned by the Board of Super-
visors of Santa Clara County for a public road under the provisions of
a special road law of that county passed March 18th, 1874.

*Held*, upon an application for a writ of certiorari, that the Act was repealed
by Section 14, Article i of the Constitution, and that the Board no
longer had the power to condemn land for road purposes.

ID.—ID.—ID.—JURY TRIAL.—The Constitution contemplates and provides
for a proceeding in court in all cases where private property is sought to
be taken for public use, and prohibits any other proceeding to that end;
and the owner of the property is entitled to a jury trial for the purpose
of ascertaining the damages.

.APPEAL from a judgment for the plaintiff in the Superior
Court of the County of Santa Clara.

The proceeding in the Court below was an application for
a writ of certiorari.

*J. H. Campbell*, for Appellant.

*Luis Arques*, for Respondent.

MORRISON, C. J.:

On the third day of February, 1880, the Board of Super-
visors of Santa Clara County, by final order and judgment,
located, established, and ordered to be opened a public road
and highway over plaintiff's land, and the land was con-
demned for public use by said Board, under and by virtue of
an Act of the Legislature of this State, approved March 18th,
1874.

The case comes before us on an agreed statement of facts,
from which it appears that the proceedings taken by the
Board of Supervisors were in conformity with the provisions
of said act, and were legal and valid if the act in question
remained in force after the present Constitution went into
effect. It is claimed on behalf of the plaintiff that the Act
of March 18th, 1874, is repugnant to Section 14, Article i, of
the Constitution, which reads as follows:

"Private property shall not be taken or damaged for public use without just compensation having been made to, or paid into Court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money or ascertained and paid into Court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived as in other civil cases in a court of record, as shall be prescribed by law."

On the twenty-third day of April, 1880, the plaintiff filed an affidavit in the Superior Court of Santa Clara County, in which the proceedings before the Board of Supervisors were fully stated and set forth, and praying that a writ of review issue to the Board, commanding it to certify to the Court a transcript of the record of its proceedings in the matter of opening and locating said road, and further praying the Court to arrest and declare void such proceedings. The Superior Court, after the return was made to the writ, proceeded to hear the questions involved, and on the eleventh day of June, 1880, by its judgment declared the proceedings of the Board of Supervisors void, and set aside and annulled the same.

The question presented for our determination in this case is stated in the transcript to be this: Has the Board of Supervisors of the County of Santa Clara the power now, in view of the provision of the Constitution herein above set forth, to condemn land for road purposes, in the manner provided in the Special Road Law of March 18th, 1874? This question was passed upon by the Court below, and was answered in the negative. We think the question was correctly answered by the Superior Court. The constitutional provision is prohibitory in its nature and is self-executing; it is in direct conflict with the Act of March 18th, 1874, and by necessary operation repeals the same. The Constitution contemplates and provides for a proceeding *in Court* in all cases where private property is sought to be taken for public use, and it prohibits any other proceeding to that end.

The owner of the property is entitled to a jury trial for the purpose of ascertaining the amount of damages which he

will sustain by the appropriation of his property to public use, and the method provided by section 10 of the Act of 1874, of ascertaining the damages by the examination and report of Road Viewers, has been abrogated by section 14 of article i of the Constitution.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.