[File No. 6652.]

STATE HIGHWAY COMMISSION and the Board of County Commissioners of Mountrail County, North Dakota, Appellants, **v.** STATE OF NORTH DAKOTA, Respondent.

(297 N. W. 194.)

Opinion filed April 3, 1941.

*F. F. Wyckoff,* State's Attorney, and *Chas. A. Verret,* for appellants.

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for respondent.

NUESSLE, J. The State Highway Commission initiated this proceeding before the Board of County Commissioners of Mountrail county to acquire right of way for highway purposes across a section of school land pursuant to the provisions of § 20, chap. 159, Sess. Laws 1927, as amended by chap. 128, Sess. Laws 1933. The matter was heard and determined by the Board of County Commissioners. The state chal-

lenged the procedure resorted to and sought a review in the district court of Mountrail county.

Before the district court, the state, in its complaint, set out the facts, concerning which there is no dispute, alleged the impropriety of the procedure under chap. 159, as amended, supra, and challenged the constitutionality of that chapter if the proceeding were properly brought under it.

The Highway Commission and the Board of County Commissioners, hereinafter designated as the appellants, answered and justified the procedure under the statute on the ground that they desired and were attempting to acquire not a fee title but merely an easement for a right of way. The state demurred to this answer. The court sustained the demurrer. Whereupon the appellants perfected the instant appeal.

The facts, stated briefly, are as follows: Section 16, township 156, North of Range 91, West, in Mountrail county, is a part of the lands granted by the United States to the state of North Dakota for the support of its common schools. The State Highway Commission desired a right of way for highway purposes over this section and instituted this proceeding to secure the same.

By act of Congress, approved February 22, 1889 (25 Stat. at L. 676, chap. 180) entitled: "An Act to Provide for the Division of Dakota Into Two States, and to Enable the People of North Dakota, South Dakota, Montana and Washington, to Form Constitutions and State Governments, and to be Admitted Into the Union on an Equal Footing with the Original States, and to Make Donations of Public Lands to such States," and known in this jurisdiction as the Enabling Act, the United States granted certain lands to the state of North Dakota for educational purposes. Section 11 of the Enabling Act, provided: "That all lands herein granted for educational purposes shall be disposed of only at public sale, and at a price not less than $10 per acre, the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of said schools. But said lands may, under such regulations as the legislature shall prescribe, be leased for periods of not more than five years, in quantities not exceeding one section to any one person or company; and such land shall not be subject to pre-emption, homestead entry, or any other entry

under the land laws of the United States, whether surveyed or unsurveyed, but shall be reserved for school purposes only."

The people of the state of North Dakota when they adopted the state Constitution, provided in § 205 thereof: "The State of North Dakota hereby accepts the several grants of land granted by the United States to the State of North Dakota by an act of Congress . . . under the conditions and limitations therein mentioned; reserving the right, however, to apply to Congress for modification of said conditions and limitations in case of necessity."

Consistent with the terms of the grant in the Enabling Act, and the acceptance thereof, the Constitution made further provision with respect to the lands thus granted. See Article 9, §§ 153–165, both inclusive. Section 158, provides: "No land shall be sold for less than the appraised value and in no case be sold for less than ten dollars ($10) per acre. The purchaser shall pay one-fifth of the price in cash and the remaining four-fifths as follows: . . . provided further that any school or institutional lands that may be required for townsite purposes . . . public highways . . . and lands that may be required for any of the purposes over which the right of eminent domain may be exercised under the Constitution and the laws of the state of North Dakota may be sold under the provisions of this section, and shall be paid for . . . in full in advance at the time of sale, or at any time thereafter, and patent issued therefor when principal and interest are paid. . . ."

Pursuant to the terms of the grant from the United States and the acceptance of the lands subject to such terms, the State holds the title to the lands thus granted in trust. See State ex rel. Board of University & School Lands v. McMillan, 12 N. D. 280, 96 N. W. 310; State ex rel. Sathre v. Board of University & School Lands, 65 N. D. 687, 262 N. W. 60; State ex rel. Galen v. District Ct. 42 Mont. 105, 112 P. 706. Of course no disposition of them can be made except pursuant to statutory authority, and that authority must not conflict either with the terms of the grant in the Enabling Act or the provisions of the Constitution relating to such lands.

Section 20 of chap. 159, Sess. Laws 1927, as amended by chap. 128, Sess. Laws 1933, provides: "The State Highway Commission or its successor, by resolution or order may, on behalf of the state, and as part

of the cost of construction, reconstruction . . . or maintaining, or for providing a temporary road for public use, may purchase, acquire, take over or condemn under the right and power of eminent domain, for the state, any and all lands which it shall deem necessary for present public use, either temporary or permanent, or which it may deem necessary for reasonable future public use . . . in the improvement, construction, reconstruction . . . or maintaining of a state highway. It may, by the same means, secure any and all materials, including clay, gravel, sand or rock or the lands necessary to secure such material, and the necessary land, lands or easements thereover, to provide ways and access thereto. It may so acquire such land, lands or materials notwithstanding that the title thereto now or hereafter be vested in the State or any division thereof."

This section further provides that if the Highway Commission is unable to purchase such lands or materials at a reasonable valuation, then the county commissioners of the county where they are situated, on petition of the commission shall proceed to ascertain and determine the damages and make award therefor in the manner prescribed. When the award of damages for the taking of land or materials or both has been completed the commission is required to pay into court cash in the amount of the award for the benefit of the owner of land to whom the award has been made, by depositing same with the clerk of court of such county. The owner entitled to such award before receiving the money is required to execute a receipt therefor. In cases he refuses to accept the award and execute such receipt, the clerk of court executes it. At the expiration of thirty days from the making of an award by the county board where no appeal is taken therefrom by the owner, the receipt of the owner or of the clerk of court must be recorded in the office of the register of deeds and thereupon title of the land or materials becomes vested in the State.

This section also provides that the Highway Commission may vacate any land or rights in land which have been taken or acquired for highway purposes by executing and recording deeds therefor, and this vacation revests the title to the lands or rights in the persons in whom they were vested at the time of the taking. The governor on recommendation of the Highway Commission is authorized to sell and convey the state's interest in property acquired by purchase under the provisions of the

section which is no longer deemed necessary for the purposes for which it was taken.

The State's contention is that school lands can be disposed of and title thereto passed only in the manner prescribed by the Constitution; that § 20, chap. 159, Sess. Laws 1927 as amended, supra, contemplates the taking of title by purchase or through condemnation proceedings contrary to the requirements of the Constitution; that said section does not provide a means of enabling the State to acquire easements for highway purposes; that the only statutory provisions for the acquisition of school lands for highway purposes are contained in chap. 242, Sess. Laws 1915 (§§ 335a1, et seq., 1925 Supp.) as amended by chap. 217, Sess. Laws 1929. On the other hand, the appellants concede that title to school lands may not be acquired through condemnation proceedings, and that where title in fee to such lands is taken the requirements of the Constitution as to sale, price, manner, etc., must be complied with. But they insist that under the provisions of § 20, chap. 159, supra, easements over lands including school lands for right of way for highway purposes may be acquired and that this is not inconsistent with either the provisions of the Enabling Act or of the Constitution respecting granted lands.

Thus it will be seen that the controversy narrows down to the construction and effect of § 20, chap. 159, supra. If easements for highway right of way across school land may be acquired under this statute, then there remains only the question as to whether this is inconsistent with the provisions of the Constitution relating to such lands. On the other hand, if said § 20 contemplates that under its provisions title to lands and materials for highway purposes shall be acquired, and there is no provision contained therein for the acquisition of easements only, then no further inquiry need be made, but the order of the district court must be affirmed.

There is authority for the appellants' contention that under the terms of the Enabling Act, and the acceptance of the grant of lands contained therein the state may authorize the granting of easements for highway purposes over public lands. See Ross v. University of Wyoming, 30 Wyo. 433, 222 P. 3, on rehearing, 31 Wyo. 464, 228 P. 642; Grossetta v. Choate, 51 Ariz 248, 75 P. (2d) 1031. In view, however, of the construction which we put upon the statute, § 20, supra, under which

the appellants brought their proceeding, it is not necessary for us to determine whether the appellants' contention with respect to the power of the state to grant easements for highway purposes is correct, and we express no opinion thereon.

Let us now further consider the statute in question. The amendatory statute, chap. 128, Sess. Laws 1933, is entitled: "An Act to amend and re-enact § 20 of chap. 159, Laws of 1927, relating to the purchase and condemnation of right of way, material, etc., by the State Highway Commission." And it is to be noted that throughout the section, as in the title, the word "purchase" is used with respect to the taking, and that the words "title" and "vested" are used with respect to the rights in the land acquired whether by purchase or through condemnation. The word "easement" is used but once, and then with respect to the land or lands necessary to secure access to the material, clay, gravel, etc., purchased or condemned. In no other place in the statute is it intimated that anything less than the title in fee shall be acquired. In the second paragraph of the section, the reading is: "If the Commission is unable to purchase such land, lands, or materials with the necessary ways and access thereto, the Board of County Commissioners . . . shall proceed to ascertain and determine the damages and make awards . . . in the same manner as provided by statute for lands taken for highway purposes . . . as hereafter modified or amended." The third paragraph of the section provides that when an award is made, the amount thereof shall be deposited in the office of the clerk of court. The fifth paragraph provides that at the expiration of thirty days from the award by the Board of County Commissioners from which no appeal has been taken . . . and when such money shall have been deposited . . . the receipt of the owners of such property or of such clerk of court . . . shall be recorded in the office of the register of deeds of the county in which such real estate is situated, and the title of the land or materials shall thereupon be and become vested in the state." Finally, the concluding paragraph of the section provides that when any land or rights in lands taken shall be no longer needed, the Highway Commission may vacate the same by executing and recording a deed thereof and thereby revest the title in the persons in whom it was vested at the time of the taking. And the governor may, when recommended

by the commission, sell and convey the interest of the State in property acquired by purchase and no longer necessary.

It is manifest from the wording of this statute that it contemplates not the acquisition of easements for rights of way or other purposes, but the acquisition of land and materials when necessary to acquire the same for highway purposes, and that the title thereto shall be taken and vested in the state. We had occasion to consider the provisions of the statute in Becker County Sand & Gravel Co. v. Wosick, 62 N. D. 740, 245 N. W. 454. We there said: "Under the express language of the statute involved here title to the land passes from the owner to the state immediately upon the deposit in court of the amount of compensation fixed by the board of county commissioners even though the owner rejects the amount of compensation offered and promptly prosecutes an appeal to the courts from the order of the county commissioners."

Subsequently, by chap. 128, Sess. Laws 1933, supra, the statute was amended to obviate the defects therein pointed out in the Wosick Case, but there was no change of the provisions affecting the matter here in controversy. In the instant case it is conceded by the appellants that if the effect of the procedure under the statute is to pass title such procedure cannot be properly resorted to to acquire school land granted to the State under the terms of the Enabling Act. This being so, we hold that the demurrer was properly sustained, and it is unnecessary for us to pass upon the other questions raised.

The order of the district court is affirmed.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.