BOLLES, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*October 8—November 6, 1951.*

For the appellant there was a brief by *Albert F. Houghton,* attorney, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan* of counsel, all of Milwaukee, and oral argument by *Mr. Houghton* and *Mr. Walter D. Corrigan, Sr.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Clyde E. Sheets,* assistant city attorney, and oral argument by *Mr. Sheets* and *Mr. Ralph J. Chmurski,* assistant city attorney.

BROWN, J.    The city of Milwaukee proposed to widen a street and in the process of doing so condemned the plaintiff's property by the procedure prescribed by ch. 275, Laws of 1931, commonly referred to as the Kline Law. The plaintiff brought this action seeking to enjoin the city from proceeding with the condemnation on the ground that the law under which condemnation was had was unconstitutional. The complaint alleges that the Kline Law deprives plaintiff of many of his constitutional rights in respects which do not require separate consideration. It boils down to a charge that he has been denied due process of law because the determination of the necessity of the condemnation and the determination of the damages to which he might be entitled are, in the first instance, made by agents or employees of the city and therefore not by an impartial body; and though he is given the right of appeal on each question with a trial *de novo* in the circuit court the requirement of a cost bond prevents him from exercising that right.

Sec. 2, art. XI of the Wisconsin constitution provides' that a municipality cannot take private property for public

use unless the necessity thereof is first established by a jury verdict. The Kline Law directs that, after the council has made a tentative finding of necessity, the city shall begin an action in circuit court directed toward a jury finding that the taking of the property is necessary to accomplish the public purpose. Those steps were followed in this case and the jury verdict was obtained. The plaintiff did not appeal from that verdict. The city also followed the provisions of the Kline Law by having its board of appraisers estimate the cost of the project, including a fair price for the plaintiff's real estate, and report to the council. The council then confirmed the report, including the board's award of damages to the plaintiff. The Kline Law gives the owner the right of an appeal from the award of damages to the circuit court with a trial *de novo* on that issue. Bolles did not take such an appeal but commenced the present action attacking the Kline Law itself. He urges that the law is void because the board of assessment, which makes the finding of damages, is composed of a licensed realtor, a civil engineer, and a property owner who are appointed for terms of three years by the mayor and confirmed by the council and is financed by the city and is therefore not an impartial body. This contention is ruled by *State ex rel. Andrews v. Oshkosh* (1893), 84 Wis. 548, 54 N. W. 1095. In that case the assessment of damages was made by the city's board of public works and it was contended that it was not an impartial body. We held to the contrary, remarking that the members of the board had no more interest than other citizens in the result. We consider a hearing before the board, the right of appeal, and a trial *de novo* to a jury in the circuit court to be ample protection to satisfy the requirements of due process even though the assessment of damages and benefits in the first instance is made by a body connected with the government of the municipality.

"In the states which require jury trial, the constitutional provision is satisfied if the owner of land is given a jury trial at some stage of the proceedings, and statutes which provide for a preliminary assessment of damages by some other board or tribunal are constitutional if they allow the owner to appeal to a jury if dissatisfied with the award. . . ." 18 Am. Jur., Eminent Domain, p. 980, sec. 338.

Bolles also attacks the Kline Law because he says that his trial *de novo* is in effect denied him because he is required by the Kline Law to give security for costs in the sum of $100 as a condition of taking the appeal, and his complaint alleges that he has exhausted all his resources in his appearance before the board of assessment and is unable to provide such security. *Mitchell v. Western Public Service Co.* (1933), 124 Neb. 248, 246 N. W. 484, holds that the requirement of such a cost bond is not a denial of due process and the court said that the attack on this ground was a novel objection. "Even the requirement of an appeal bond with sureties to pay the cost does not contravene the right of trial by jury." 18 Am. Jur., Eminent Domain, p. 980, sec. 338. We are not referred to any Wisconsin case supporting the plaintiff's contention, although in this state the requirement of bond is and has been a usual condition of similar appeals. Secs. 925—171 and 925—184, Stats. 1898, provide for such security by the appellant from a municipality's assessment of benefits for public improvements. Sec. 925—60, Stats. 1898, provides for such security as a condition of the appeal to the circuit court from the disallowance by a city council of a claim against the city. Wisconsin's present General Charter Law, sec. 62.16 (6) (k), Stats., also requires an appeal bond in the sum of $150 as a condition of the landowner's appeal to the circuit court from the assessment of benefits and damages made by the board of public works and confirmed by the council. A similar bond is required by secs. 80.25

and 80.26 governing the laying out of town highways. In *Uihlein v. St. Paul* (8th Cir. 1929), 32 Fed. (2d) 748, it was held that such a requirement did not defeat due process. That decision is in point also on the present plaintiff's contention that the body which originally assessed the damages was not impartial. There the common council itself declared the necessity and determined the damages but the court found that to be immaterial since an appeal to the court was allowed, and so held although the appeal comprised only a review of the record made before the council and the court was limited to determining whether the damages allowed by the council were fair or unfair. In the *Mitchell Case, supra,* it was only the record below which was reviewed, yet it was considered this met the demand of due process. The Kline Law gives much greater protection on the review than was given in such Nebraska and federal actions.

In any event plaintiff's objection that he is denied due process because the exercise of his right of appeal depends upon his ability to furnish a cost bond is answered in Wisconsin by sec. 271.29, Stats., which provides that any person may commence any action or proceeding in any court or any appeal therein without being required to give security for costs upon his filing in the court his affidavit that because of his poverty he is unable to pay the costs or give security for the same and that he believes that he is entitled to the redress he seeks in the action. Plaintiff alleges in his complaint that his appearances before the board of assessment have exhausted his resources and that he now has no money or means with which he can furnish security for costs on any appeal. The complaint is verified and if it is not in itself a pauper's oath, upon the facts pleaded in the complaint, the plaintiff could easily make such an oath. Under such circumstances the requirement of security does not impair his right of appeal and trial *de novo*.

The demurrer was on the ground that the complaint attacking the constitutionality of the Kline Law did not state facts sufficient to constitute a cause of action. We consider it well taken and properly sustained.

*By the Court.*—Order affirmed.