**Christ KESSLER, Plaintiff and Respondent,**

v.

**Sivert W. THOMPSON, Commissioner of the State Highway Department, Defendant and Appellant.**

No. 7541.

Supreme Court of North Dakota.

Jan. 17, 1956.

Rehearing Denied March 6, 1956.

The defendant employed the statutory procedure set forth in Chapters 24–01, NDRC 1943, as amended in the 1953 Supplement, and 24–07, NDRC 1943 in his attempt to acquire the plaintiff's land for highway purposes.

The facts were stipulated and are not in issue. The plaintiff pleads a great many facts which he asserts show that it is neither feasible nor necessary to take parcel number 52 from him for highway purposes. These alleged facts form a part of the plaintiff's general challenge to the constitutional validity of the procedure used by the defendant in his attempt to acquire the real property involved. The plaintiff predicates his cause of action on the theory that Sections 24–0119, 24–0120, 24–0121 and 24–0122, NDRC 1953 Supp. and Section 24–0716, NDRC 1943 violate Sections 13 and 14 of the North Dakota Constitution. That is the sole question presented on this appeal.

The trial court issued a temporary restraining order against the defendant on the 24th day of March 1955, pending hearing on an order to show cause set for March 29, 1955. Upon the hearing on the order to show cause, the court issued its temporary restraining order enjoining the defendant, his agents and employees, and each and all of them pending hearing in the action,

"from entering or trespassing upon the plaintiff's lands (described in this complaint) and from committing any waste thereon, until the defendant has acquired the title to parcel 52 of 4.01 acres and just compensation for the taking thereof has been determined in accordance with the Constitution and statutes of this state and the money has been paid into court as required by law. * * *"

Thereafter the defendant answered the plaintiff's complaint denying the allegations thereof except as admitted by statement of facts stipulated and requested a dismissal of the action.

The plaintiff by his attorneys made a special appearance before the board of county commissioners of Mercer County on the 7th

---

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, Sp. Asst. Atty. Gen., for defendant and appellant.

Kelsch & Scanlon, Mandan, for plaintiff and respondent.

JOHNSON, Judge.

The plaintiff brought this action to enjoin the defendant from carrying on certain pending proceedings to condemn land owned by him for highway purposes needed as a part of Project F–694(1), consisting of 4.01 acres in the Southwest Quarter (SW¼) Section 12, Township 144 North of Range 88, Mercer County, North Dakota, and designated as parcel number 52.

day of January, 1955, for the sole and only purpose of objecting to the jurisdiction of the board of county commissioners over the subject matter and the person of the plaintiff, and challenged their right to ascertain and determine the damages and make the award to the plaintiff. The special appearance is pleaded in the complaint and is attached thereto as an exhibit. It is unnecessary to set forth in detail the contentions of the plaintiffs as outlined in the special appearance. Generally it challenges both the right to determine the necessity for the taking and the awarding of damages. It sets forth that under Section 14 of the North Dakota Constitution the plaintiff is entitled to a judicial determination of the issue of necessity for the taking and of a jury trial on the issue of just compensation, unless a jury is waived; that a jury trial has not been waived. It is also asserted that under Section 32–1507, NDRC 1943 the power of eminent domain can only be exercised in a civil action in district court of the county in which the property or some part thereof is situated; that the legislature has no power to vest jurisdiction in the commissioner of the State Highway Department or the board of county commissioners to judicially determine the question of necessity or issue of just compensation, and that if Sections 24–0118, 24–0127, NDRC 1953 Supp. and 24–0510 and 24–0716, NDRC 1943, are so construed, they violate Section 14 of the North Dakota Constitution and are null and void; that the issuance of an order declaring the taking necessary is preliminary only and does not constitute a judicial determination of the necessity for the taking or the issue of just compensation under the statutes just mentioned; that on the contrary under Section 24–0123, NDRC 1953 Supp. there is conferred upon the landowner a right of appeal, and that under the sections mentioned there is no provision that the official discretion is final or conclusive. It is also stated, that the special appearance is made,

"to preclude any claim or assertion (1) that they (persons mentioned in the special appearance) have waived their constitutional rights to have the question of the necessity of the taking judi-

cially determined; (2) that they have waived their right to trial by jury to determine the just compensation for the taking of their property sought to be taken; or (3) that they have acquiesced in or consented to the exercise of any power or authority which they, (referring to the commissioner and board of county commissioners, Mercer County) do not have under the applicable provisions of the Constitution and the statutes of this State."

The trial court made its findings of fact pursuant to the stipulation of the facts and concluded as a matter of law that the board of county commissioners of Mercer County, North Dakota, had substantially complied with all the material requirements of Section 24–0716, NDRC 1943 and Sections 24–0119, 24–0120 and 24–0121, NDRC 1953 Supp. It further concluded that said sections of the statutes of this state, insofar as they attempt to vest judicial power in a state administrative official or in the board of county commissioners to determine the question of necessity of the taking of the plaintiff's property and to determine the amount of just compensation for the taking thereof, and that insofar as they deprive the plaintiff as owner of the property of his constitutional right to a trial by the district court wherein the land is situated, and vest title in the state to the real property in question after the expiration of thirty days from the award made by the board of county commissioners and the deposit of such award with the clerk of the district court where no appeal is taken within the time required by statute, said statutes are unconstitutional and violative of Sections 13 and 14 of the Constitution of the State of North Dakota. The court further concluded that the proceedings had by the defendant and the board of county commissioners, Mercer County, the clerk of the district court and the register of deeds are in all things null and void and that the state has not acquired title to the parcel involved and that the plaintiff's failure to take and perfect an appeal from the award within the time and in the manner provided by Sections 24–0122 and 24–0123, NDRC 1953 Supp., does not constitute

a waiver of his constitutional rights in view of the special appearance which he made before the board of county commissioners, which was filed with the county auditor and served upon the attorney for the defendant. The court also made the temporary restraining order permanent. Pursuant to the findings and conclusions of the trial court, judgment was entered against the defendant, his agents and employees, permanently enjoining and restraining him and them from entering or trespassing upon the plaintiff's property, describing the parcel involved in this action, until the defendant has acquired title to the property through purchase or by eminent domain in accordance with the Constitution and statutes of the State of North Dakota. The defendant appeals. He specifies as errors all the conclusions of law arrived at by the trial court, and the entry of judgment permanently enjoining and restraining the defendant, his agents or employees from entering or trespassing upon the plaintiff's real property.

As a basis for our discussion of the specific constitutional questions involved in this action, it will be helpful to keep in mind certain fundamental rules of constitutional law.

A state Constitution is not a grant but a limitation on legislative power, so that the Legislature may enact any law not expressly or inferentially prohibited by the Constitution of the state or the nation. State ex rel. Gaulke v. Turner, 37 N.D. 635, 164 N.W. 924; Baird v. Burke County, 53 N.D. 140, 205 N.W. 17; State ex rel. Rausch v. Amerada Petroleum Corp., 78 N.D. 247, 49 N.W.2d 14.

The courts will presume in favor of the constitutionality of the law, until the contrary clearly appears. O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675; State v. Cromwell, 72 N.D. 565, 9 N.W.2d 914; State ex rel. Johnson v. Baker, 74 N.D. 244, 21 N.W.2d 355; State ex rel. City of Minot v. Gronna, 79 N.D. 673, 59 N.W.2d 514. A statute will, if possible, be so construed as to render it valid. State ex rel. Linde v. Taylor, 33 N.D. 76, 156 N.W. 561, L.R.A. 1918B, 156, Ann.Cas.1918A, 583, error dismissed Moore v. Taylor, 245 U.S. 627, 38 S.Ct. 60, 62 L.Ed. 518. Courts should not declare a statute void unless its invalidity is, in the court's judgment, beyond reasonable doubt. Ferch v. Housing Authority of Cass County, 79 N.D. 764, 59 N.W.2d 849.

It is alleged in the special appearance of the plaintiff, and made a part of his complaint, that Section 32–1507, NDRC 1943 provides, in effect, that the power of eminent domain can only be exercised by prosecution of a civil action in the district court of the county in which the property or some part thereof is situated.

The taking of private property for public use is effected in different states of the United States in two different ways: (a) by administrative order; and (b) by judicial decree. In this state the procedure to condemn land for highway use partakes of some of the characteristics of both.

"Due process of law does not require a proceeding according to the common law or according to any particular form. Matters of procedure are subject to legislative regulation provided that the essential elements of due process are preserved." Nichols on Eminent Domain, 3rd ed., Vol. 1, Sec. 4.102, pp. 321 and 322; Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; LeClair v. White, 117 Me. 335, 104 A. 516; People ex rel. Berger v. Warden, 176 App.Div. 602, 163 N.Y.S. 910; Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254.

There is no vested right to a particular remedy. 16 C.J.S., Constitutional Law, Remedies, § 256, p. 678; 12 Am.Jur., Constitutional Law, Sec. 582, p. 279. See Cota v. McDermott, 73 N.D. 459, 16 N.W.2d 54, 155 A.L.R. 1271; Dunham Lumber Co. v. Gresz, 71 N.D. 491, 2 N.W.2d 175, 141 A.L.R. 60.

As bearing on the issue of whether eminent domain may only be exercised in a civil action in district court, the legislative intent in that regard is to be gathered from the enactments providing for procedure by

which authority was given to take property for a public use. As far as we can ascertain our statutes relating to eminent domain first came into our law as Chapter 35 of the Code of Civil Procedure, Sections 5955 to 5973, inclusive, Revised Codes of North Dakota 1895. In the same codes appear as new law, Sections 1053 through 1066 by which the opening, vacating or changing of a highway outside of the limits of incorporated cities, villages, or towns, and all proceedings relating thereto and all other matters connected therewith, were placed under the board of county commissioners in certain cases and in the board of township supervisors in others. By Section 1066, Revised Codes of 1895, if the award was rejected, the board was required to direct proceedings by the state's attorney as provided by the chapter on eminent domain. Practically the same procedure with some change with reference to appeals, became Sections 1053 through 1070 of the Revised Codes of North Dakota 1899. Section 1066, Revised Codes of 1899, provided for an appeal within thirty days after filing of the award to a justice of the peace before a jury if the amount of damages allowed did not exceed $100. Section 1069 of the same codes provided for an appeal within the same time to the district court if the amount of damages claimed exceeded $100. Both Sections, 1066 and 1069, of the Revised Codes of 1899, were enacted as a part of Chapter 112 of the 1897 Session Laws. Substantially the same procedure became a part of the Revised Codes of North Dakota 1905, Sections 1349 through 1366. This procedure with some changes became Sections 1921 through 1939 of the Compiled Laws of North Dakota 1913. With such additions as had been enacted from time to time, essentially the same procedure became a part of Chapter 24–07, NDRC 1943. By Chapter 159 of the 1927 Session Laws, much the same procedure authorized the state highway commission to take private property for highway use. Section 20 thereof became Sections 24–0118 through 24–0123, NDRC 1943. These sections were amended and reenacted without substantial change by Chapter 177 of the 1953 Session Laws, and are now Sections 24–0118 through 24–0123, NDRC 1953 Supp.

This brief resume clearly indicates that the legislature never considered the statutes relating to eminent domain by a civil action to acquire private property for a public use as the only procedure available for that purpose insofar as the acquisition of rights of way for highways is concerned. The eminent domain procedure by a civil action is contained in all the codes heretofore mentioned with such changes as were enacted from time to time.

We conclude that the procedure in eminent domain by a civil action is not exclusive insofar as the acquisition of rights of way for highway purposes is concerned. Such rights of way may be obtained under the procedure set forth in Chapter 24–01, NDRC 1943 as amended by Chapter 24–01, NDRC 1953 Supp. and Chapter 24–07, NDRC 1943.

We will next determine whether this procedure adequately secures to an owner of property the constitutional guarantees of due process and meets the requirements of Section 14 of the North Dakota Constitution.

In the early case of Bigelow v. Draper, 6 N.D. 152, 165, 69 N.W. 570, 574, this court said:

"In this state the legislature has seen fit to take it out of the power of any person or corporation to settle the question of necessity, and to trust the determination of that issue to the judicial branch of the government. Rev.Codes, § 5959. Making it a judicial question does not render it a question for trial before a jury."

Section 5959 of the Revised Codes of 1895 is now Section 32–1505, NDRC 1943. Pembina County v. Nord, 78 N.D. 473, 49 N.W. 2d 665.

It is suggested in the case of Becker County Sand & Gravel Co. v. Wosick, 62 N.D. 740, 766, 245 N.W. 454, 463, that the legislature may provide a preliminary estimate or determination of the amount of compensation by an administrative board. The right of appeal indicates that.

Under Section 24-0118, NDRC 1953 Supp. the state highway commissioner may, at least as a preliminary matter, determine the necessity for the taking of private property for highway use. Under Section 24-0510, NDRC 1943 the board of county commissioners declares the necessity for the taking of land. But the determination in each case is not final. It is subject to appeal. Section 24-0722, NDRC 1943 provides:

"Any person who shall feel himself aggrieved by *any determination* or award of damages made by the board having jurisdiction, either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue, any highway or cartway, within thirty days after the filing of such *determination* or award of damages, * * *, may appeal therefrom. * * *" (Emphasis supplied.)

Section 24-0723, NDRC 1943 provides that the notice of appeal taken pursuant to Section 24-0722 shall specify the court to which the appeal is taken, whether the appeal is taken in relation to damages or in relation to the laying out, altering or discontinuing or the refusal to lay out, alter, or discontinue any highway; whether the appeal is taken from the whole of the order of the court or only from a part, and if from a part only, then what part; and the grounds upon which the appeal is taken. It is clear that under Section 24-0723 the appealing party may challenge not only the amount of the preliminary damages awarded but the necessity for the taking. The appellant may set up any grounds available to him contesting either the necessity or the amount of the award. Thus an appellant may procure a complete judicial determination by a court of the necessity for the taking and a trial by a jury of the compensation to be awarded. If the court determines that there is necessity for the taking, then the issue of compensation must be submitted to a jury.

Although the necessity for the taking is determined in the first instance by the highway commissioner, Section 24-0118, NDRC

1953 Supp., the board of county commissioners, upon the petition of the state highway commissioner, makes the award, in the manner provided by Chapter 7 of Title 24. Section 24-0119, NDRC 1953 Supp. Any person dissatisfied may resort to the courts for a judicial determination of any or all issues by appeal. The procedure here involved does not preclude the owner from procuring a judicial determination of the issue of the necessity for the taking, under the rule in Bigelow v. Draper, supra, and Pembina County v. Nord, supra.

The issue of compensation for private property taken or damaged for a public use must be submitted to a jury, unless a jury is waived. Section 14, North Dakota Constitution; Sections 24-0725, 24-0726, and 32-1501, NDRC 1943; Becker County Sand & Gravel Co. v. Wosick, supra; Cummings v. Minot, 67 N.D. 214, 271 N.W. 421; Pembina County v. Nord, supra.

The plaintiff and respondent places considerable emphasis upon the case of Becker County Sand & Gravel Co. v. Wosick, supra [62 N.D. 740, 245 N.W. 456], to sustain his conclusion that the statutes mentioned are unconstitutional. We will, therefore, closely analyze this case to determine whether it is applicable to the provisions of our present statutes. In that case this court declared unconstitutional the following part of Section 20, Chapter 159, 1927 Session Laws:

" 'When the award of damages for the taking of land or materials, or both, shall have been completed by the board of county commissioners, the State Highway Commission shall pay or cause to be paid from the State Highway Fund into court for the benefit of the owners of land to whom such awards have been made by depositing with the clerk of court of such county, cash in the amount of such award or awards. * * * *As soon as such money shall be deposited in the office of the clerk of court, aforesaid, the title to the land or materials aforesaid shall be and become vested in the state,* provided, however, that all parties ag-

grieved by the estimate of damages and the awards aforesaid shall have like remedies provided by statute for appraisal of damage for land taken by counties for highway purposes.'" (Emphasis supplied.)

This court held that this portion of the statute:

"permits private property to be taken in advance of a judicial determination and payment of the compensation to which the owner of the land is entitled, and that it in effect confers upon the board of county commissioners powers which the Constitution says can be conferred only upon the courts." Becker County Sand & Gravel Co. v. Wosick, 62 N.D. 740, 245 N.W. 454, Syllabus 3.

When the decision is carefully analyzed, it is clear that the portion of the statute vesting title in the state upon the deposit of the award before a judicial determination of the compensation to which the owner of the land was entitled, conferred judicial power upon the county commissioners which is by the Constitution conferred upon the courts. The taking and vesting of title, where an appeal had been made, as a final act, was regarded as a judicial function. The owner must have the right to resort to the courts in case he desires before his property is taken or damaged, to determine whether his property is necessary for a public use and to ascertain the compensation to which he is entitled. He now has this right by an appeal. While an appellant is litigating issues presented by appeal he retains title to his property and complete control and enjoyment thereof. In its discussion of the quoted portion of Section 20, Chapter 159, 1927 Session Laws, this court said:

"Section 14 of the Constitution was intended to guarantee to an owner of property the full right of ownership, including possession and enjoyment, rather than a right to redress for wrong committed in taking his property away from him. The constitutional mandate is not satisfied by the ascertainment of the amount of compensation and making the same a charge upon a state or municipal fund for which the credit of the state or the municipality is pledged. Martin v. Tyler (4 N.D. 278, 60 N.W. 392, 25 L.R.A. 838), supra. The Constitution guarantees to the owner something more than a right to recover judgment for the damages caused by the taking of his property or a recovery of the property itself after it has been taken; it guarantees that his property shall not be taken or damaged even for a necessary public use 'without just compensation (in money) having been first made to, or paid into court for the owner.' * * *

"Clearly it was not the intention of the framers of the Constitution that private property might be taken for a public use and the owner of such property divested of title thereto by the determination of some administrative officer or board and upon the payment into court for the owner of the amount of compensation determined by such officer or board. The constitutional requirement that compensation for private property taken for a public use shall be paid in advance of the taking is in harmony with the further requirement that, in case of dispute, the amount of compensation shall be determined by a judicial tribunal (2 Nichols on Eminent Domain, 2d Ed. § 372); and in harmony with the theory that the order or decree which transfers the title of the property from the person by whom it is held to the public agency which is to control and operate it for the public use, upon the payment of the compensation fixed therein, is fundamentally a judicial act. * * *

"Under the express language of the statute involved here, title to the land passes from the owner to the state immediately upon the deposit in court of the amount of compensation fixed by the board of county commissioners, even though the owner rejects the amount of compensation offered and

promptly prosecutes an appeal to the courts from the order of the county commissioners. This procedure is violative of the rights guaranteed to the owner of property by section 14 of the State Constitution." Becker County Sand & Gravel Co. v. Wosick, 62 N.D. 740, 749–751, 245 N.W. 454, 456, 457.

There are other expressions in the opinion which clearly indicate that the provisions of Section 20, Chapter 159 of the 1927 Session Laws divesting the owner of his title to the property and vesting it in the state upon the deposit of the amount of the award rendered the statute unconstitutional under Section 14 of the North Dakota Constitution.

The plaintiff and respondent refers to several statements from this case that he claims sustain his position. When considered alone and apart from the main emphasis of the decision these expressions seem to support the position of the plaintiff and respondent. However, when these statements are considered in connection with the language heretofore quoted from this case and the decision as a whole they merely apply to the central consideration involved that the final divestiture of title, before or at the time that the right of appeal accrued, lodged a judicial function in an administrative board which by the North Dakota Constitution is vested in the courts.

The Becker County Sand & Gravel Co. v. Wosick case, supra, was decided on the 30th of September, 1932, and a rehearing denied December 3, 1932. Section 20, Chapter 159 of the 1927 Session Laws was amended by Chapter 128 of the 1933 Session Laws and in part provided:

"At the expiration of 30 days from the award by the Board of County Commissioners, from which no appeal has been taken as hereinafter provided, and when such money shall have been deposited in the office of the Clerk of Court, the receipt of the owners of said property, or of such Clerk of Court, as aforesaid, shall be recorded in the office

of the Register of Deeds of the county in which such real estate is situated, and the title of the land or materials shall thereupon be and become vested in the state."

This is now Section 24–0122, ND RC 1953 Supp. As the statute now exists the owner of property sought to be taken for a public use for highway purposes retains title to the property and enjoyment thereof until the time for appeal has expired, and if he appeals within the thirty-day period allowed by the statute, he retains title and enjoyment of the property until final determination of such appeal. Under these circumstances are not the constitutional guarantees imbedded in Sections 13 and 14 of the North Dakota Constitution fully preserved and satisfied?

The amendment and reenactment of Section 20, Chapter 159 of the 1927 Session Laws by Chapter 128 of the 1933 Session Laws, we may assume was directed at the elimination of the constitutional objection litigated and determined in Becker County Sand & Gravel Co. v. Wosick, supra. It may be pointed out that Chapter 128 of the 1933 Session Laws amended only Section 20 of Chapter 159 of the 1927 Session Laws.

In the case of State Highway Commission v. State, 70 N.D. 673, 297 N.W. 194, 197, this court said:

"We had occasion to consider the provisions of the statute in Becker County Sand & Gravel Company v. Wosick, 62 N.D. 740, 245 N.W. 454, 457. We there said: 'Under the express language of the statute involved here, title to the land passes from the owner to the state immediately upon the deposit in court of the amount of compensation fixed by the board of county commissioners, even though the owner rejects the amount of compensation offered and promptly prosecutes an appeal to the courts from the order of the county commissioners.'

"Subsequently, by chapter 128, Session Laws 1933, supra, the statute was

amended to obviate the defects therein pointed out in the Wosick case, * * *."

If the amendment of Section 20, Chapter 159 of the 1927 Session Laws by Chapter 128 of the 1933 Session Laws accomplished the purpose for which it was apparently intended, the decision of the Becker County Sand & Gravel Co. v. Wosick, supra, is no longer applicable.

■ Since the State Constitution is not a grant but a limitation on legislative power, the legislature may enact any law not expressly or inferentially prohibited by the Constitution of the state or the United States. The fixing of the procedure for the acquisition of property by eminent domain lies in the discretion of the legislature subject to the constitutional limitations guaranteeing the rights of the owner.

"The fixing of the procedure for the acquisition of property by eminent domain lies in the discretion of the legislature subject to the constitutional limitations guaranteeing the rights of the owner." Nichols on Eminent Domain, Vol. 6, Statutory Provisions, Sec. 24.2, p. 17.

Many cases are cited in support of this statement in note 42.

■ "The primary test of the validity of a statute prescribing the procedure to be followed in an acquisition by eminent domain is, of course, based on its constitutionality. Thus, adequate means must be provided to protect the right to compensation and sufficient legal machinery must be provided for the expeditious and impartial determination of such compensation." Volume 6, Nichols on Eminent Domain, Validity and Construction of Statute, Sec. 24.2(1), pp. 20 and 21. For cases in support of this statement see notes 46, 47 and 48.

Section 14 of the North Dakota Constitution provides that private property shall not be taken or damaged for a public use without adherence to three fundamental requisites:

1. Without just compensation having first been made to, or

2. Paid into court for the owner;

3. Which compensation shall be ascertained by a jury, unless a jury be waived.

Under the statutory procedure used by the state highway commissioner and the board of county commissioners in the acquisition of real property for highway purposes these fundamental constitutional guarantees are fully available to the owner of property. When compensation for damages has been estimated and an award made the commissioner "shall pay, or cause to be paid * *, into court, for the benefit of the owners of land to whom such awards have been made, by depositing with the clerk of court * * cash in the amount of such award or awards." Section 24–0120, NDRC 1953 Supp. If the owner is dissatisfied with the award tendered, or if he believes and asserts that on any grounds the property is not necessary for a public use, he may appeal. Section 24–0123, NDRC 1953 Supp. In the notice of appeal he may specify whether the appeal is taken in relation to damages assessed or in relation to laying out, altering, discontinuing or refusal to lay out, alter or discontinue any highway and he may specify the grounds upon which the appeal is taken. Section 24–0723, NDRC 1943. He thus has an opportunity if dissatisfied to challenge in his appeal the necessity for the taking and the adequacy of the damages or compensation tendered. Under Section 24–0727, NDRC 1943 he may bring before the court the propriety of the amount of damages allowed and all matters referred to in the notice of appeal. The court or the jury, as the case may be, shall reassess the damages. A jury trial is provided by appeal in justice court, Section 24–0725, or in the district court, Section 24–0726, NDRC 1943, depending upon the amount involved. Thus adequate means under the statutes are provided to protect the right to just compensation or the issue of necessity on any ground which the appellant may have and which is asserted

in the notice of appeal. The courts assure the owner of an expeditious and impartial determination of the questions involved in an appeal. Pending final determination of an appeal, there is no interference with any rights of the owner. He retains title, control and enjoyment of the property. If after trial on an appeal the owner of the property sought recovers or procures an increase in the award the amount thereof or the total established value of the property will have to be paid into court as a prerequisite to the taking or damaging of the property. His property is neither taken nor damaged without just compensation having been first made to or paid into court for his use and his rights have been fully adjudicated as provided by law in accordance with the requirements of our constitution.

■ We conclude that the procedure provided by the statutes challenged, Sections 24–0119, 24–0120, 24–0121 and 24–0122, NDRC 1953 Supp., and 24–0716, NDRC 1943, afford the owner of the property sought to be condemned the constitutional rights to which he is entitled under Sections 13 and 14 of the North Dakota Constitution, unless the mere fact that he must take an appeal, if dissatisfied, after the determination of necessity by the state highway commissioner and the making of the award by the board of county commissioners and filing and deposit thereof, affects the question of constitutionality.

"In the states which require jury trial, the constitutional provision is satisfied if the owner of land is given a jury trial at some stage of the proceedings, and statutes which provide for a preliminary assessment of damages by some other board or tribunal are constitutional if they allow the owner to appeal to a jury if dissatisfied with the award." 18 Am.Jur., Eminent Domain, Sec. 338, p. 980; St. Louis, M. & S. E. R. Co. v. Drummond Realty & Invest. Co., 205 Mo. 167, 103 S.W. 977, 120 Am.St.Rep. 724; State v. Jones, 139 N.C. 613, 52 S.E. 240, 2 L.R.A.,N.S., 313; Town of Dell Rapids v. Irving, 7 S.D. 310, 64 N.W. 149, 29 L.R.A. 861;

Annotation: 18 Ann.Cas. 684. For further authority on this point see Nichols on Eminent Domain, Vol. 1, Jury Trial, Sec. 4.105(5), p. 359.

"Statutory provisions for a jury on appeal from, or review of, the action of commissioners, viewers, or other ministerial boards or officers satisfy the constitutional guaranty of trial by jury, and statutes providing for appeals in such cases will be construed, if possible, to afford a jury on such appeal, in order to harmonize them with the constitution." 30 C.J.S., Eminent Domain, § 372 b; Stokes v. Dobbins, 158 Tenn. 350, 13 S.W.2d 321; Pound v. Fowler, 175 Tenn. 220, 133 S.W.2d 486. For citation of further authorities see 20 C.J. 1002, note 9, and page 1003, note 10.

In the case of Town of Dell Rapids v. Irving, supra, the court had under consideration the provisions of Section 1302 of the Compiled Laws of South Dakota imposing upon township supervisors the duty of assessing the damages sustained by the owner of the land by reason of the laying out, altering, or discontinuing any road. The right of appeal and a jury trial was given to any party aggrieved by a determination or award of damages made by the supervisors under Section 1324 of the Compiled Laws. Article 6, Section 13 of the South Dakota Constitution provided:

"Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury, which shall be paid as soon as it can be ascertained, and before possession is taken."

One of the questions before the court was whether the provisions of the compiled laws relating to the assessment of damages in proceedings for laying out town roads was in conflict with the above quoted constitutional provision. In discussing this question the court said:

"The object of the constitutional provision evidently is to secure, to parties whose property is taken for public use, the right to a jury trial upon the ques-

tion of damages. This we think is secured to them by providing for an appeal to the proper court in which a jury trial can be had. Comp.Laws, § 1324. If the parties agree upon the amount of damages to be awarded, or the party is satisfied with the amount awarded by the town supervisors, there would be no necessity for a jury trial. If, however, the parties cannot agree, or the party is dissatisfied with the award made by the supervisors, he can by an appeal secure a trial by a jury upon the question of damages. This right of an appeal and a jury trial carries into effect the constitutional provision. Hence we discover no conflict between the provisions of the statutes and the constitution." Town of Dell Rapids v. Irving, 7 S.D. 310, 64 N.W. 149, 150.

The case of Bolles v. City of Milwaukee, 259 Wis. 588, 49 N.W.2d 748, 749, involved a proposal to widen a street. The plaintiff's property was condemned under procedure prescribed by Chapter 275 of the 1931 Laws, commonly known as the Kline law. The plaintiff brought an action seeking to enjoin the city from proceeding with the condemnation on the ground that the law under which the condemnation was had was unconstitutional. The complaint alleged that the Kline law deprived the plaintiff of his constitutional rights; that he was denied due process of law because the determination of necessity and of damages to which the plaintiff was entitled are, in the first instance, made by agents or employees of the city and therefore not by an impartial body; and on the further ground that although he was given the right of appeal on each question with a trial de novo in the Circuit Court, the requirement of a cost bond prevented him from exercising that right. In discussing these contentions the court asserted:

"We consider a hearing before the Board, the right of appeal, and a trial de novo to a jury in the circuit court to be ample protection to satisfy the requirements of due process even though the assessment of damages and benefits in the first instance is made by a body connected with the government of the municipality."

In support of this statement the court quotes 18 Am.Jur., Sec. 338, p. 980.

The issue of a cost bond is not before us in the case at bar.

The provisions for an appeal under our statutes and the retention of the title, control and enjoyment of the property by the owner until final determination of the issues raised by his appeal in a trial by court and jury satisfies the constitutional requirements of Sections 13 and 14 of the North Dakota Constitution and secures for the owner of the property due process of law. See State v. Cromwell, 72 N.D. 565, 9 N.W.2d 914, for discussion of due process.

The appellant asserts that the failure of the plaintiff and respondent to request a judicial determination of the necessity for the taking and just compensation by an appeal constitutes a waiver of his constitutional and statutory rights to such judicial proceedings, and that the filing of a special appearance at the time of the preliminary determination of damages is not a bar to a waiver. The trial court held otherwise.

██ Waiver is a term difficult to define. It has no definite and rigid meaning in law, but may and does take on a very definite meaning from its context. Waiver is the intentional relinquishment of a known right. The term connotes a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed. Meyer v. National Fire Ins. Co., 67 N.D. 77, 269 N.W. 845. With that definition in mind a careful examination of the special appearance reveals clearly that there was no voluntary and intentional relinquishment or abandonment of any known existing legal right, advantage, benefit, claim or privilege by the plaintiff. The special appearance states that it is made:

"for the sole and only purpose of objecting to the jurisdiction of said Board of County Commissioners over the sub-

ject matter and persons above named to ascertain and determine the damages and making awards."

The special appearance was made to preclude any claim or assertion that the plaintiff waived his constitutional right to have the question of necessity of the taking judicially determined and to his right to a jury trial to determine the just compensation for the taking.

The plaintiff refused the award made by the board of county commissioners of Mercer County. As stated in the special appearance, he did not intend to appeal. Instead he brought an action to enjoin the methods used to take his property on the ground that the authorized procedure was unconstitutional.

"A special appearance, while not regarded as an appearance at all for some purposes, is one which is made for the sole purpose of objecting to the jurisdiction of the court over the person of defendant." 6 C.J.S., Appearances, § 1, p. 6; Kluver v. Middlewest Grain Co., 44 N.D. 210, 173 N.W. 468.

By the special appearance the plaintiff and respondent intended to preserve any legal rights that he might have. We believe that the special appearance unequivocally indicates that intent. The action of the plaintiff and respondent in challenging the constitutionality of the procedure in this action demonstrates his good faith. That he was mistaken in the type of procedure he should pursue does not constitute a waiver of his right to appeal.

The plaintiff and respondent has not had a judicial determination of such issues as he may wish to raise by an appeal. He has preserved his rights by the special appearance.

The judgment of the district court is reversed and the injunction is dissolved. The plaintiff and respondent may file his notice of appeal within thirty days after the entry of judgment herein.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.

On Petition for Rehearing.

JOHNSON, Judge.

The respondent has filed a petition for rehearing. He sets forth and argues four propositions:

1. That the supreme court erred in determining that the procedure in eminent domain by a civil action is not exclusive as far as the acquisition of rights-of-way for highway purposes is concerned.

2. That this court erred in determining that the fixing of the procedure for the acquisition of property by eminent domain lies in the discretion of the legislature.

3. That the court overlooked or ignored the controlling provisions of our statute in determining that if the owner appeals within the thirty-day period provided by the statute, he retains title, control, and enjoyment of the property until final determination of such appeal.

4. That the court erred in holding that Sections 24–0119 to 24–0124, inclusive, ND RC 1943 and NDRC 1953 Supp., do not violate Sections 13 and 14 of our Constitution.

It will be unnecessary for us to consider in any great detail the first two propositions advanced by the respondent as they were carefully considered in our opinion filed January 17, 1956. However, the respondent again calls our attention to a portion of the opinion written on petition for rehearing in the case of Becker County Sand & Gravel Co. v. Wosick, 62 N.D. 740, 765, 245 N.W. 454, 463. This court quoted from Weber v. Santa Clara County, 59 Cal. 265, 266 (decided in July, 1881), the following:

"'The Constitution contemplates and provides for a proceeding in Court in all cases where private property is sought to be taken for public use, and it prohibits any other proceeding to that end.' * * *"

The court further said:

"Inasmuch as the constitutional provision had been construed by the court of last resort of California before it was adopted in this state it must be presumed that it was adopted in this state with the construction which had been placed upon it by the Supreme Court of California."

This language, found in the opinion written on the petition for rehearing, was not necessary to the determination of the result. It was not one of the basic premises of the decision. In any event we have in our opinion set forth the language that indicates that the court was concerned about the taking of the property before the owner had an opportunity to contest such taking in court. In the main opinion in the case in addition to the language that we have previously set forth in the opinion filed, this appears:

"It (referring to the procedure) also in effect constitutes the board of county commissioners a court and gives to the order of such board a determinative effect which section 14 of the Constitution clearly and unmistakably says can be had only by the judgment of a court of competent jurisdiction; that is, *it gives to the order of such board and the payment into court of the amount of compensation fixed therein the effect of divesting the owner of private property of title thereto and vesting the same in the public agency which is to control and operate it for the proposed public use.*" (Emphasis supplied.)

Under the statute in existence at the time this case arose, the property was taken from the owner before he had an opportunity to litigate the right to take it and the compensation to be awarded. We conclude from a close and careful analysis of this decision that the main premise upon which it was based, was that the taking of the title from the owner by an administrative board before he had an opportunity to contest either the necessity for the taking or the amount of the compensation ten-

dered or both, thus leaving him only an action for damages, was unconstitutional. This has been obviated under the statutes as they now exist. If the owner of property is dissatisfied and appeals, his property cannot be taken or damaged until there has been a final determination by a court and a jury, unless waived, of all issues that are presented by him in his notice of appeal.

■ There can be no doubt that the purpose of the amendment of Section 20, Chapter 159 of the 1927 Session Laws by Chapter 128 of the 1933 Session Laws, NDRC 1943, § 24-0117 et seq. was to eliminate the constitutional objections determined by the court to Section 20, Chapter 159 of the 1927 Session Laws. It was also intended to give the owner of the property, if he desired, an opportunity to contest both the necessity for the taking and the amount of the compensation to be awarded before there was an actual taking of his property, thus allowing him, by an appeal, the right to prevent the taking if he could show no necessity therefor, and assure the payment into court of just compensation for the taking or damaging of his property. Under the statute then in effect and found unconstitutional in Becker County Sand & Gravel Co. v. Wosick, supra, the owner had no such opportunity. His property was first taken and then he was given the right to litigate the amount of damages due him. It is significant that the legislature did not attempt to amend the procedure involved except in this one particular. The opportunity now exists for the owner to get a judicial determination of any issue he may raise by an appeal before he loses title, possession or control of his property.

It is asserted that the validity of a statute must be tested not by what has been or is being done under it, but by the things which may be done under it. State v. Stark County, 14 N.D. 368, 103 N.W. 913; State ex rel. Hughes v. Milhollan, 50 N.D. 184, 195 N.W. 292; Wilder v. Murphy, 56 N.D. 436, 218 N.W. 156; Herr v. Rudolf, 75 N.D. 91, 25 N.W.2d 916, 169 A.L.R. 1388. Our decision in this case is predicated upon this well-known principle of law. The

property of the owner sought to be taken for highway use under present statutes allows the owner to retain title to the property, enjoyment and control thereof, until the time for appeal has expired and there has been a waiver of the right of appeal, or if he appeals within the thirty-day period provided by the statute, he retains title, control and enjoyment of the property until final determination of such appeal. This holding encompasses the complete application of the rule announced.

But it is asserted that in arriving at this conclusion we overlooked or ignored certain statutory requirements. Section 24-0121, NDRC 1953 Supp., provides:

> "Every owner entitled to an award for damages, before the same shall be paid to him by the clerk of court, shall sign and execute a receipt therefor. Such receipt shall contain a description of the premises covered by the award. In case the owner shall fail or refuse to accept such award and execute such receipt therefor, *the clerk of court shall execute a receipt,* reciting the deposit of such award with him and the description of the premises covered by the award." (Emphasis supplied.)

It is contended that under the terms of this section the clerk of court may sign the receipt at any time and that there is no provision that the clerk shall not record the receipt immediately. Of necessity this section must be construed in connection with Section 24-0122, NDRC 1953 Supp. It states:

> "At the expiration of thirty days from the award by the board of county commissioners from which no appeal has been taken as provided in section 95 of this Act (24-0123), whenever such money shall have been deposited in the office of the clerk of court, the receipt of the owners of said property, or of such clerk of court, shall be recorded in the office of the register of deeds of the county in which such real estate is situated, and the title to the

land or materials thereupon shall be vested in the state."

Three requisites must exist before the receipt of the clerk of court may be recorded:

1. Thirty days must expire from the award of the board of county commissioners;

2. The deposit of the award must have been made with the clerk of court; and

3. No appeal taken within thirty days from the making of the award;

then and then only, may the receipt of the clerk of court be recorded.

█ It is clear that under this section the receipt of the clerk of court evidencing the vesting of title cannot be recorded in the office of the register of deeds until "at the expiration of thirty days from the award by the board of county commissioners" and the deposit of the money in the office of the clerk of court. If the mere receipt of the clerk of court constituted the vesting of the title, there would be no object in providing that:

> "At the expiration of thirty days * * * the receipt * * * of such clerk of court, shall be recorded in the office of the register of deeds of the county in which such real estate is situated, and the title to the land or materials thereupon shall be vested in the state."

In other words all three prerequisites must exist before title vests. The language of both sections when construed together is entirely clear.

If an appeal is taken under the provisions of Section 24-0123, NDRC 1953 Supp., it is perfectly clear that title cannot vest until there has been a final determination of the appeal in accordance with the requirements of the statutes and our constitution as set forth in the opinion already on file. Section 24-0122, NDRC 1953 Supp., says: "At the expiration of thirty days * * * from which no appeal has been taken

* * *." The implication of this wording is obvious. If an appeal is taken title cannot vest until it has been finally determined. If it were otherwise the property of the owner would be taken and damaged in advance of the judicial determination of the issues raised by an appeal. The purpose of the amendment of the statute as indicated by Chapter 128 of the 1933 Session Laws was to assure to the owner the retention of title, enjoyment and control of his property until the waiver of the right of appeal existed, or in case of an appeal, until the final determination of the appeal by court.

In this connection the respondent argues that we overlooked or ignored Section 24-0124, NDRC 1953 Supp., which states:

"Notwithstanding the taking of an appeal as provided in section 95 of this Act (24-0123) in proceedings of the commissioner in the taking of land or materials by condemnation, or from the award made by the board of county commissioners in such proceedings, the commissioner may proceed with the use of the property so condemned and shall be liable for any additional amount awarded to the appellant upon such appeal."

This statute was not referred to in any of the pleadings, findings of the trial court, nor the judgment in this action, nor was it argued upon the appeal. It was not referred to in the brief of the respondent. While it was not mentioned in our opinion, it was considered. By clear implication our holding that the owner of property sought to be taken for highway use retains title to the property, enjoyment and control thereof until time for appeal has expired, and if he appeals within the thirty-day period provided by statute, he retains title, control and enjoyment of the property until final determination of such appeal invalidated this statute.

This statute came into our law as a part of Chapter 177 of the 1953 Session Laws. It is a new statute. It was not a part of the procedure involved in con-demnation of rights-of-way for highways as outlined in the 1943 Revised Code. It needs no citation of authority to determine that it is clearly prohibited by Section 14 of the North Dakota Constitution. Private property is not to be taken or damaged for public use without just compensation having been first made to or paid into court for the owner. The use of the property pending an appeal, would constitute at least a partial taking prior to the determination of the court that it was necessary to take the property and before the compensation for it had been determined, and paid into court. We have no hesitancy in stating that this statute is repugnant to Section 14 of the North Dakota Constitution.

It does not follow, however, because Section 24-0124, NDRC 1953 Supp., is violative of the Constitution, the entire procedure contemplated by Chapters 24-01 and 24-07, NDRC 1943 as amended by the 1953 Supplement must fail. On the contrary, we are of the opinion that this section may be stricken without impairing the remainder of the procedure.

"It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part and that if the valid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected." 11 Am.Jur. Constitutional Law, Partial Unconstitutionality of Statutes, Section 152, page 834; State ex rel. Cleveringa v. Klein, 63 N.D. 514, 249 N.W. 118, 86 A.L.R. 1523; State v. Ehr, 57 N.D. 310, 211 N.W. 883; State v. Bickford, 28 N.D. 36, 147 N.W. 407, Ann.Cas.1916D, 140; Malin v. LaMoure County, 27 N.D. 140, 145 N.W. 582, 50 L.R.A.,N.S., 997, Ann.Cas.1916C, 207; Becker County Sand & Gravel Co. v. Wosick, 62 N.D. 740, 245 N.W. 545; 6 R.C.L., Constitutional Law, Section 121, page 121; Department of State Highways v. Baker, 69 N.D. 702, 290 N.W. 257, 258, 129 A.L.R. 925. In this last case this court held:

" 'Where a part of a statute is unconstitutional, that fact does not require the courts to declare the remainder void also, unless all the provisions are connected in subject-matter depending upon each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other.' "

The provisions in Section 24-0124, NDRC 1953 Supp., which are violative of the Constitution may be stricken and there still remains a complete and workable scheme of legislation which is wholly unaffected as to purpose and efficacy by the part eliminated. It is entirely reasonable to assume that the statute thus stricken did not form an inducement to the lawmaking assembly in the enactment of the procedure used by the board of county commissioners and the highway commissioner in the acquisition of rights of way and material for highway purposes. We think it a reasonable assumption that the lawmakers would have enacted the statutes providing for such procedure with the unconstitutional section eliminated therefrom. This section may be taken out of the law without in any way impairing the efficacy of the procedure provided. The content of this statute is not so inseparably a part of the subject matter of other or related statutes, or so connected with them in meaning that it can be presumed that the legislature would not have passed Chapter 177 of the 1953 Session Laws without this statute. Malin v. LaMoure County, supra. See also Cooley on Constitutional Limitations, 7th Ed., page 246.

In the opinion filed January 17, 1956, we determined that the appellant by his special appearance had preserved his right of appeal. Then we said:

"The judgment of the district court is reversed and the injunction is dissolved. The plaintiff and respondent may file his notice of appeal within thirty days after the entry of judgment herein."

To make the right of appeal fully effective and retain the status quo of the parties in case the respondent decides to appeal from the award of the county commissioners our previous opinion is modified to read:

"The judgment of the district court is reversed, the injunction to be dissolved at the expiration of thirty days from the entry of judgment herein if no appeal is taken, or if an appeal is taken, within thirty days from the entry of judgment, upon the taking and filing of the notice of appeal as required by our statute."

We adhere to the views expressed in our former opinion except as herein modified.

The petition for rehearing is denied.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.